**H. R. MULLINS, Appellant,**

v.

**Dorothy MULLINS, Appellee.**

No. 13078.

Court of Civil Appeals of Texas.

Galveston.

Feb. 28, 1957.

Shannon L. Morris, Baytown, for appellant.

No brief or appearance by appellee.

HAMBLEN, Chief Justice.

This is an appeal from an order of the District Court of Harris County amending an order providing for the payment of weekly payments for child support previously entered in a divorce proceeding. Appellant attacks the order in two points of error, the first being directed to the asserted lack of jurisdiction of the trial court over the subject matter of the suit and the second being directed to the asserted lack of jurisdiction of the trial court over the appellant. The appellee has filed no brief and entered no appearance when this cause was submitted to this Court. The record contains no statement of facts but only a transcript of certain specified pleadings and orders as directed by appellant in a letter to the clerk of the District Court of Harris County, appearing in the transcript. In his brief appellant has incorporated a narrative state-

ment of the facts relied upon in support of his appeal.

Insofar as his first point is concerned, appellant's statement of the facts may be summarized as follows: On February 11, 1953, in cause No. 403,542 the 61st Judicial District Court of Harris County entered a judgment of divorce granted upon the cross-action of appellee. The judgment also awarded appellee custody of two minor children of appellant and appellee and provided that appellant should pay the sum of $50 per week for their support and maintenance. On February 11, 1955 an order was entered reducing the amount of child support previously provided for from $50 per week to $25 per week. On April 30, 1956, appellant filed an application for further reduction of the amount of child support. The judge of the 61st Judicial District Court refused to entertain the application or to direct the issuance and service of notice to the appellee thereon but directed counsel for appellant to present the application to the judge of the 129th Judicial District Court of Harris County. Upon such presentation the judge of the 129th Judicial District Court entered an order directing the issuance of notice to be served upon appellee directing her to appear on May 22, 1956 and show cause why the relief prayed for by appellant should not be granted. No order transferring the cause from the 61st District Court to the 129th District Court was entered. On May 22, 1956, appellant and appellee appeared before the 129th District Court and were by the judge of that court directed to present the cause to the 80th Judicial District Court of Harris County. A hearing was had before the 80th Judicial District Court. No order transferring the cause from either the 61st or the 129th Judicial District Courts to the 80th Judicial District Court was entered. Upon the hearing the 80th Judicial District Court denied appellant's application for a reduction in the amount of child support and entered an order increasing the amount from $25 per week to $31 per week. This appeal is from that order.

Appellant's assertion that the court entering the order appealed from lacked jurisdiction is based upon the recent decision of the Supreme Court of Texas in the case of Ex parte Goldsmith, 290 S.W.2d 502. From our examination of the opinion in that case it is perfectly apparent that if appellant's narrative statement of the case as above summarized is supported by the appellate record before us, the court entering the order appealed from lacked jurisdiction over the subject matter, and the order is void. However, the record presented does not support appellant's statement, and even though it stands unchallenged by appellee, we are unable to do other than overrule his first point of error.

The record, as previously stated, consists of a transcript only. In his letter to the clerk of the District Court of Harris County requesting the preparation of such transcript, appellant specified that it contain the following documents:

"1. The application of H. R. Mullens to reduce child support, filed on April 30, 1956;

"2. The Answer thereto, filed on June 27th, 1956;

"3. The Order entered by Judge Roy Campbell on the hearing held on May 22, 1956."

The original decree of divorce is not a part of the transcript. The caption of the transcript recites that the appeal is from an order of the 127th Judicial District Court of Harris County. Appellant's application to reduce child support which appears in the transcript incorporates a previous order reducing child support wherein it is recited that the original decree of divorce was entered by the 127th Judicial District Court of Harris County. The order appealed from in so far as is reflected by the transcript was entered by Honorable Roy F. Campbell sitting as Judge of the 127th Judicial District Court of Harris County. Therefore, rather than support appellant's statement of the

case, the record contradicts it to the extent that it reflects that all material proceedings were had before the 127th Judicial District Court of Harris County. We construe Ex parte Goldsmith, supra, as holding that only the court which enters the original divorce decree and support order has jurisdiction to amend, modify or change such order. We do not interpret the opinion as in any way altering or denying the authority of each of the judges of the several district courts of Harris County to sit in any other court of that county where any case is pending and there trying the same. And while this Court has actual, if not judicial, knowledge that Honorable Roy F. Campbell was, on the date of the entry of the order appealed from, Judge of the 80th Judicial District Court of Harris County, we are compelled under the record before us to presume that he was at the time of such hearing sitting as Judge of the 127th Judicial District Court under the express authority of Article 199, V.A.T.S.

The order appealed from as reflected by the transcript recites that the hearing was had on May 22, 1956. The order was entered on June 27, 1956. Appellee's answer in the proceeding appears to have been filed on June 27, 1956. By his second point appellant complains that since there were no pleadings supporting the order increasing the amount of child support on file at the time of the hearing, the court had no jurisdiction over the person of appellant. We overrule such point.

Article 4639a, V.A.T.S. provides in part as follows: "* * * Said Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent."

■ Appellant's narrative statement of the case as contained in his brief recites the appearance and presence of both parties before the court at the time of the hearing resulting in the order appealed from, and nothing in the record negatives such recitations. Appellant having invoked the jurisdiction of the court and with both parties before the court, we feel compelled to hold that the issues were tried and the order entered by express or implied consent, and that appellee's pleadings were later filed under the provisions of Rule 67, Texas Rules of Civil Procedure.

Judgment affirmed.