Basil H. TAYLOR, as Guardian Ad Litem and Next Friend for Lee E. Nagle, an Insane person, Appellant,

v.

Olga R. NAGLE, Appellee.

No. 11469.

Court of Civil Appeals of Texas.

Austin.

March 1, 1967.

Jeff Davis, San Antonio, for appellant.

William H. Borchers, H. A. Triesch, New Braunfels, for appellee.

PHILLIPS, Chief Justice.

Olga R. Nagle, the plaintiff below and the appellee here, filed contempt charges on behalf of herself and her children against her former husband Lee E. Nagle. Through criminal proceedings instituted against Lee Nagle by appellee, Nagle was extradicted from Oklahoma to Texas.

On returning to Texas in May of 1964 in the custody of the sheriff of Comal County, Texas, a hearing on the sanity of Lee Nagle was held in the District Court of Comal County where a jury found him to be insane and he was ordered placed in the State Hospital in San Antonio until such time as he should be found sane, at which time he was to be returned to Comal County to stand trial on the criminal charges.

A short time prior to the hearing on the sanity of Lee Nagle, appellee filed a contempt charge in the original divorce action.

Appellant, Basil H. Taylor, as Guardian ad litem and next friend, filed a motion to modify child support provisions on behalf of Nagle in the original divorce action in the District Court of Comal County, Texas.

Upon the filing of such motion, appellee filed a second charge of contempt against Lee Nagle.

At a hearing, appellant's motion to modify child support provisions was overruled. At the same time the court permitted appellee to abandon the second charge of contempt filed against Lee Nagle but found him guilty of contempt of court in the cause filed in the original divorce action.

It is from this judgment overruling appellant's motion to reduce child support provisions and the judgment of contempt rendered against Lee Nagle that appellant has perfected his appeal to this Court.

We reverse and remand that part of the judgment overruling appellant's motion to reduce child support payments. We dismiss appellant's appeal from judgment of contempt.

**814**

Appellant is before this Court on thirty five points of error. Points one through eleven are briefed together, the first four points being the error of the trial court in overruling motion of next friend to reduce child support payments; in finding that there was no change of circumstances in the earning capacity or income of Lee Nagle, an insane person; in finding Lee E. Nagle, an insane person, had sufficient income at the time of trial with which to pay child support in the sum of $250.00 each month as previously ordered by the court, when there was no evidence to support such finding; when there was insufficient evidence to support the latter finding.

We sustain these points.

 At the time of the divorce in question, 1960, Nagle was a Captain in the United States Air Force receiving a salary in the neighborhood of $700.00 per month. Nagle is presently in the State Hospital in San Antonio having been adjudged insane. From the record before us it is fairly evident that Nagle has severed his connection with the Air Force and has little or no income. Consequently, we sustain this appeal on the motion to reduce payments and remand the case to the trial court for further action consistent with this opinion.

Appellant's points of error five through nine complain of the admission of certain evidence. Should the admission have been error, and we do not pass upon this point, such error was harmless under the view we take here. Tex.R.Civ.P. 434.

Appellant's remaining points of error twelve through thirty five are either restatements of prior points, discussed above, or pertain to error ascribed to the proceedings relating to and the judgment of contempt entered in this proceeding.

We strike these points and refer to appellee's motion discussed below.

■■ In this State there is no right to a review by appeal or writ of error, statu-tory or otherwise, from an adjudication and commitment for contempt. 12 Tex.Jur.2d, Contempt, Sec. 57, and the cases there cited. The only remedy to review a contempt proceeding and the judgment therein is by a collateral attack by a writ of habeas corpus when the relator is in custody. On habeas corpus, the inquiry is to whether the court had jurisdiction to adjudge the contempt. 12 Tex.Jur.2d, Contempt, Sec. 59.

■ Consequently, we sustain appellee's two motions, one, to dismiss appellant's appeal from judgment of contempt, the other to strike from appellant's brief appellant's points of error Nos. XII through XXXV.

Reversed and remanded in part and dismissed in part.