**Stanley G. DANBURG, Appellant,**

v.

**Barbara Jean DANBURG, Appellee.**

**No. 165.**

Court of Civil Appeals of Texas.
Houston (14th Dist.).

Oct. 23, 1968.

Jack R. Martin, Martin & Knox, Houston, for appellant.

Quinnan H. Hodges, Houston, for appellee.

BARRON, Justice.

This is an action for reduction of child support payments. Appellant, Stanley G. Danburg, and appellee, Barbara Jean Danburg, were husband and wife, and on March 10, 1966, in the Court of Domestic Relations No. 3 of Harris County, appellee was granted a divorce from her husband, the appellant. The decree of divorce awarded the appellee the care, custody and control of the three minor children born during the marriage, and the decree further provided that appellant should make certain child support payments which at the present time amount to six-hundred fifty dollars ($650.00) per month. On April 10, 1968, appellant filed his petition for reduction of the amount of the payments. He claims changed conditions in the form of decreased earnings and bankruptcy proceedings, both personal and corporate. On a hearing for reduction in this case, the trial court overruled the relief sought by appellant. Thus this appeal.

Appellant claims that the evidence establishes his inability to continue making the payments as required; that the uncontroverted evidence establishes a material change of conditions; that the order of the trial court is against the great weight and preponderance of the evidence; that the trial court abused its discretion in refusing the request for reduction of payments, and that such denial is arbitrary and not an exercise of sound discretion.

Appellant was the sole witness at the hearing. He testified that he was employed by the Yellow Cab Company and that he is president of the corporation. According to appellant his total net income is $728.00 per month. He has re-married and his present wife earns $368.00 per month, making a total earning by his wife and himself of $1,096.00 per month. His testimony shows that he has borrowed money from his mother in large sums and from his brother-in-law, who employed him at Yellow Cab Company, in excess of $2,000.00, all of which has been used for the purpose of making child support payments. He listed various personal expenses, such as insurance, food, medical, care of car, telephone, rent and others, which he is required to expend monthly, totaling $702.00.

Appellant further testified that since the divorce action his business had been declared bankrupt. He testified that at one time he owned Globe Discount Houses, and that his brother-in-law, who has given him his present job, worked for him, the appellant. He and his present wife both have cars, one of them being a 1966 model Thunderbird furnished by the Yellow Cab Company. The evidence shows that a trust was created, called the Danburg Trust, whereby appellant was to put all of the proceeds and income from his business therein, but the trust had recently signed an agreement whereby appellant was not required to put his present income into the trust. He testified, however, that he receives no money from the trust because of the bankruptcy proceeding. Appellant was the original trustee, and the corpus of the trust consisted of Walgreen stock, which had been acquired through the sale of Globe. There was about one-half million dollars worth of stock in the trust, which appellant withdrew and in return placed his personal note. However, appellant testified that all of the money went into "1400 Herman," apparently being an interest in an apartment house project in Houston, Texas. He stated that he did not divert any of those funds, and that the Danburg Trust later sold the property. Appellant contends that the bankruptcy proceeding took whatever interest he had in the trust.

Appellant contends that under the provisions of the trust agreement he has transferred and conveyed all of his assets to the trustees of said trust and has been completely dependent on the trustees to pay the child support for which he is obligated, and that since April 1, 1966 the trustees have paid the child support. However, he contends, about April 1, 1967, the trustees discontinued the payment of such child

support. The appellant's interest in the trust agreement and properties have been scheduled as an asset of the bankruptcy estate, and the properties are now in the hands of the Trustee in Bankruptcy. Appellant filed his voluntary petition in bankruptcy about March 1, 1967, and he states, as noted above, that he has been adjudicated bankrupt. He testified that he had no income from any other source.

A child support order is subject to change by the trial court as conditions change, as where the parent is unable to pay the amount originally awarded. See Speer's Marital Rights in Texas, Oakes, 4th Ed., Sec. 858, p. 268; Hays v. Hays, 123 S.W.2d 968 (Tex.Civ.App.), no writ hist.; Taylor v. Nagle, 412 S.W.2d 812 (Tex.Civ.App.), no writ hist.

Appellant was the only witness at the trial court hearing, and all of his testimony showed, or tended to show, that his bankruptcy and reduced income occurring after the granting of the divorce made it impossible for him to continue to pay the $650.00 per month child support. We note, however, that appellant is an interested witness, and under such circumstances the trial court is not ordinarily bound to credit his testimony. His testimony was not documented, the bankruptcy proceedings were not placed in evidence, and there is nothing in the record except appellant's oral testimony to show that he was unable to pay the child support. Also, there is nothing in the record to show what a reasonable child support order would be.

We recognize the rule that a fact or condition once proven or known to exist will be presumed, in the absence of evidence to the contrary, to have continued in effect. Angel v. Todd, 368 S.W.2d 224, 226 (Tex.Civ.App.), no writ hist. But the fact that $650.00 per month was a proper figure at the time of the divorce does not under these circumstances necessarily establish that such amount is a reasonable figure now. This is especially true in view of the fact that the only testimony indicates that appellant's income has been materially reduced, and in view of the fact that there is no evidence in the record to refute such testimony. Although the only evidence as to his inability to pay came from the appellant, it was of a nature that could have been contradicted, at least to some extent, either directly or circumstantially, if untrue. Ex parte Gonzales, 414 S.W.2d 656, 657 (Tex.Sup.).

We do not hold that the trial court is bound absolutely to accept all of appellant's testimony. But we feel that the facts are not fully developed, and that more testimony on the issue is available. An Appellate Court must resort solely to the record. While we understand that the trial court is familiar with the difficulties of this case, having had it before him from the beginning, we believe the record must show something, circumstantially at least, in the nature of appellant's ability to pay the child support under these conditions.

We accordingly reverse and remand this case for another hearing.