Stanley G. DANBURG, Appellant,

v.

Barbara Jean DANBURG, Appellee.

No. 269.

Court of Civil Apppeals of Texas.

Houston (14th Dist.)

June 25, 1969.

Jack R. Martin, Martin & Knox, Houston, for appellant.

Quinnan H. Hodges, Houston, for appellee.

TUNKS, Chief Justice.

The facts relevant to the nature of this case appear in a former opinion of this Court reported at 433 S.W.2d 784. By that opinion the trial court's order denying appellant's motion to reduce child support payments was reversed and remanded. It was held that his uncontradicted testimony showed such a change in circumstances as to require a reduction of the child support payments the court had ordered him to pay. It was noted that his testimony could have been contradicted "at least to some extent, either directly or circumstantially, if untrue."

The children of this marriage were three girls born September 25, 1951, July 21, 1953 and April 5, 1962. The child support order in the original divorce decree provided for the payment of $150 per month for each child under ten years of age; $200 per month for each child ten to fourteen years of age; and $250 per month for each child fourteen to eighteen years of age, with a minimum payment of $300 per month until the youngest child became eighteen years of age. As of the date of our former ruling, and as of this date, appellant was required to pay $650 per month support under that order.

After our earlier reversal of the trial court's order denying a reduction another hearing on the motion to reduce was held. After that hearing the trial court changed its order so as to require the payment of $500 per month support, but requiring that $500 per month be paid until the youngest child becomes eighteen years of age. This effects a temporary reduction but will require a greater sum in the long run than would have been required by the trial court's original order. The father has appealed. We affirm the judgment of the trial court.

The testimony of the father on the hearing from which appeal is taken was substantially the same as that in the former hearing as summarized in the former opinion. That testimony, if believed to be true, would require a reduction of the support payment below $650 per month, and, in fact, would not support an order requiring the payment of $500 per month. But on the second hearing the father's testimony was contradicted "at least to some extent, directly or circumstantially. * * *" It was shown that he had contributed $1,000 to a political campaign. His present wife dressed expensively. He was seen gambling heavily at a dice table in Las Vegas, Nevada. He had other expensive living practices wholly out of keeping for a man whose income was that to which he testified. The burden of proving facts requiring a lesser support payment than that ordered by the trial court was on the father. Jennings v. Honea, Tex.Civ.App., 389 S.W.2d 360, no writ hist.; Angel v. Todd, Tex.Civ.App., 368 S.W.2d 224, no writ hist. Since the father was an interested witness and his testimony as to his income was at least circumstantially contradicted the trial court was not obliged to believe his testimony. Brogdon v. Brogdon, Tex.Civ.App., 392 S.W.2d 385, ref., n. r. e.; Parmeter v. Parmeter, Tex.Civ.App., 348 S.W.2d 51, no writ hist.

The trial judge who rendered the order from which this appeal is taken has had this controversy before him since the divorce suit was filed in 1963. He is in a much better position than this Court to appraise those matters which must be considered in fixing the amount which the father should be required to pay in support of his children. His order thereon necessarily required the exercise of discretion. That order should be reversed only if the record before this Court clearly shows an abuse of that discretion. Willis v. Willis, Tex. Civ.App., 425 S.W.2d 696, no writ hist.; Brogdon v. Brogdon, supra; Brito v. Brito, Tex.Civ.App., 346 S.W.2d 133, ref., n. r. e.

The appellant contends that the trial court erred in that the amendatory order rendered will ultimately result in an increase in the amount of support to be paid by him. This complaint is based on the fact that there was no pleading by which the mother asked for such an increase. This Court is of the opinion that, even if the trial court's order be considered as an increase in the support, it should be affirmed despite the absence of pleadings by the mother asking such increase. The attorney for neither party has cited to this Court any authority relating to this question.

Dawson v. Woodley, Tex.Civ.App., 319 S.W.2d 394, ref., n. r. e., involved a situation wherein the parents of a child had been divorced by a proceeding in the district court of Brazos County. In that proceeding each parent was given custody of the child for six months of each year, and the father, a student at Texas A & M, was ordered to pay $35 per month child support after his graduation. Later the father filed suit in the juvenile court of Dallas County seeking a judgment giving him full custody. The mother filed answer in the Dallas County suit and a cross action asking that she be given full custody and the father be ordered to show cause why she not be given immediate custody. The father appeared in response to the show cause order. The trial court, over the father's objection not only tried the permanent custody issue on the merits and awarded the mother full custody, but also ordered the father to pay $10 per week support. The mother's pleading had not asked a change in the support order. On appeal, the Court of Civil Appeals held that the trial court had erred in forcing the father to trial on the merits of the custody question. As to the order changing the child support, the appellate court pointed out that the Brazos County district court which had awarded the divorce retained continuing exclusive jurisdiction to modify the support order. The Court further held that the changed support order was error because "There was

no request for a modification of the support order, * * *."

In Mullins v. Mullins, Tex.Civ.App., 300 S.W.2d 133, no writ hist., the father filed application to reduce $25 per week support payments. The trial court, without the mother's having filed any pleading at the time of the hearing, denied the father's application to reduce the support and entered an order increasing the support to $31 per week. Sometime later, on the day the order was entered, the mother, apparently with the leave of the court, filing a pleading. The trial court's order so increasing the support payments was affirmed on appeal.

■ The courts have often discussed the application of the rules of procedure to child custody cases. In Leithold v. Plass, (Tex.Sup.Ct.), 413 S.W.2d 698, 701, the Court said, "Technical rules of practice and pleadings are of little importance in determining issues concerning the custody of children." The same principle should be applicable to the trial of issues concerning the support of children. When the father filed his pleading seeking the reduction of the support payments, he placed the issues of changed conditions, his capacity to pay and the children's needs before the court. No counter pleading by the mother was required to put him on notice. The court, having heard the evidence on the very issues raised by the father's own pleading was authorized to make such changes in the former support order as the circumstances required, even if such changes resulted in an increase rather than a decrease for which the father had pled.

■ Of course, the court's original judgment was res judicata of the issue of support as of the date of its rendition. That original order properly could be changed only if the evidence showed a subsequent change in conditions. Here the evidence showed that subsequent to the original support order a circumstance has arisen which required costly medical treatment for the parties' youngest child. Such fact jus-

tified the adjustment in the support order as was made by the trial court.

The judgment of the trial court is affirmed.