**Walter R. DEVINE, Appellant,**

v.

**Edith Jeanett DEVINE, Appellee.**

**No. 667.**

Court of Civil Appeals of Texas, Tyler.

Dec. 28, 1972.

Rehearing Denied Feb. 8, 1973.

H. M. Harrington, Jr., Longview, for appellant.

R. L. Whitehead, Longview, for appellee.

MOORE, Justice.

This is an appeal from a judgment ordering certain payments for child support. By original divorce decree entered on August 20, 1971, appellee, Edith Jeanett Devine, was granted a divorce from appellant, Walter R. Devine. In that judgment appellant was ordered to pay the sum of $300.00 each month as child support until the youngest of the four minor children shall have reached the age of 18 years. On January 27, 1972, the Domestic Relations court changed the order and provided that the child support payments were to be paid weekly in the amount of $75.00 per week. On June 29, 1972, appellant filed the present suit seeking to reduce child support payments alleging that two of the children had reached the age of eighteen. After a hearing the trial court entered an order directing that child support payments be made in the sum of $37.50 weekly for each of the two children under the age of eighteen.

Appellant's sole and only point of error alleges the court abused its discretion in entering the order providing for payments of $37.50 for each of the two children under the age of eighteen because, he says, the order had the effect of raising his child support payments in that it required him to pay practically the same amount for two children as he had theretofore been paying for the support of four children.

Appellant does not dispute that the trial court is mantled with wide discretion in setting the amount of child support payments to be made, and the law is well settled that we may not review the support orders of the trial court unless it affirmatively appears that the trial court abused that discretion. Beaird v. Beaird, 380 S. W.2d 730 (Tex.Civ.App., Dallas, 1964, no writ); Middlesworth v. Middlesworth, 380 S.W.2d 790 (Tex.Civ.App., Fort Worth, 1964, no writ); Nelson v. Nelson, 436 S. W.2d 200 (Tex.Civ.App., Dallas, 1969, no writ); Hearn v. Hearn, 449 S.W.2d 141 (Tex.Civ.App., Tyler, 1969, no writ); and see Ann., Child Support Award—Excessiveness, 1 A.L.R.3d 382, sec. 4.

In passing on the question of whether an abuse of discretion was shown where the record, as here, contains no findings of fact and conclusions of law, we must "consider only that evidence which is most favorable to the judgment and disregard that which is contrary thereto." Hearn v. Hearn, supra, 449 S.W.2d at 142. The record shows that appellant has no dependents other than the two minor children involved in this suit. The record further shows that appellant is presently earning approximately $1,000.00 per month—an amount not significantly different from his earnings at the time of the original divorce decree and original order for payment of child support; that there has been no significant increase in his living expenses since the original order; and that the only real changed circumstance on which he seeks to have the child support payments reduced is the fact that the two oldest children have reached the age of eighteen. Appellee offered proof showing her month-

ly expense in supporting the two children under the age of eighteen had increased.

There is no legal yardstick by which the amount of child support payments may be measured; it depends on the ability to pay and the needs of the child as well as all other material facts and circumstances in the case. While in this instance the court may have been somewhat liberal in the amount awarded, we are not prepared to say the judgment amounts to an abuse of discretion.

The fact that appellant is now making support payments for two children not significantly different in amount from that which he previously paid for four children is not in itself evidence of abuse of discretion. Beaird v. Beaird, supra. Since the trial court was authorized to consider, on the appellant's pleadings alone, all issues pertaining to the support of the children, and could, if need be, raise the amount of child support payments, the fact that his order had the effect of raising the payment on a per child basis does not of itself present evidence of abuse of discretion. Danburg v. Danburg, 444 S.W.2d 845 (Tex.Civ.App., Houston 14th, 1969, no writ). It is possible that at the time the original child support order was entered the court concluded that the actual needs of the four children amounted to more than $300.00 per month, but the father did not have the ability to pay any more than that amount.

" * * * Should the condition of the relative ability and responsibility of the parties in relation to the support and maintenance of their children change in the future the courthouse doors will be open for any appropriate relief." Middlesworth v. Middlesworth, supra, 380 S.W.2d at 792.

When viewed in a light most favorable to the judgment, we think the evidence was sufficient to show that appellant was financially able to pay the sum of $37.50 per week to each of his two minor children. Consequently, we hold that appellant has

not demonstrated that the trial court clearly abused its discretion in entering the support order appealed from.

Accordingly, the order of the trial court is affirmed.