**Ex parte Laura HIGHTOWER.**

**No. 05–93–01972–CV.**

Court of Appeals of Texas, Dallas.

April 11, 1994.

Rehearing Denied May 4, 1994.

---

Aglaia D. Mauzy, Dallas, for appellant.

John B. Schorsch, Jr., Dallas and Randall Antonson, Duncanville, for ad litem.

Before BAKER, CHAPMAN and WHITTINGTON, JJ.

### OPINION

BAKER, Justice.

This is an original habeas corpus proceeding. The 302nd District Court of Dallas County held relator in contempt for not paying attorney ad litem fees and expenses as child support and costs of court. The contempt order fixed relator's punishment at confinement for ten minutes for each separate violation, or until she purged herself by payment of the ad litem fees and expenses. The order required payment of $2871 ad litem fees and expenses, $85 court costs for the contempt motion, and $1500 as attorney's fees incurred in the contempt proceeding. We conclude the trial court abused its discretion in determining the ad litem fees and expenses are child support. We hold that the failure to pay ad litem fees and expenses is the failure to pay a debt. We hold the Texas Constitution prohibits the trial court from enforcing by contempt the payment of

the attorney's fees and expenses. We order relator discharged.

## THE FACTUAL BACKGROUND

Relator and her husband divorced in May 1988. In June 1991, the former husband moved to change his visitation rights. In August 1993, the trial court appointed Lynn Cherry as attorney ad litem to represent the interests of the couple's child. The ad litem filed an answer for the child. The ad litem requested the court to order the parties to pay reasonable ad litem fees. She requested judgment against the parties for the fees. The ad litem also moved the court for security for costs. She requested that the relator and her former husband deposit $2500 to secure her fees and costs. In August 1993, the trial court ordered relator and her former husband to pay $2,308.84 to the ad litem as fees by September 3, 1993.

The ad litem filed another motion for security for costs. The trial court heard the motion on October 19, 1993. On November 15, 1993, the trial court ordered relator to pay $2871 to the ad litem as child support. This amount represented the unpaid balance of fees and expenses billed by the ad litem between September 1, 1993, and October 4, 1993. The trial court ordered relator to pay the $2871 by 4:00 p.m., November 19, 1993.

In early December 1993, the ad litem filed a motion for enforcement of the November order. After a hearing, the trial court found relator in contempt for failure to comply with the November order. On December 21, 1993, the trial court held relator in contempt and committed her to the county jail. The trial court's contempt order punished relator by confinement in the county jail for ten minutes per violation, and thereafter until she purged herself by payment of the ad litem fees and expenses, court costs, and attorney's fees for the ad litem's attorney. Relator immediately applied to this Court for a writ of habeas corpus. We released her on bond pending a hearing.

## THE NOVEMBER ORDER

The November order that is the subject of the trial court's contempt ruling states:

IT IS THEREFORE ORDERED that LAURA HIGHTOWER, Respondent (mother) shall pay the Attorney/Guardian Ad Litem Fees and Costs as *child support and as costs* of the representation of the minor child, JORDAN SIEGEL.

IT IS FURTHER ORDERED that LAURA HIGHTOWER shall pay as child support the sum of the balance due and owing to the Attorney/Guardian Ad Litem as of the October 4, 1993 statement. Said sum being $2,871.00.

IT IS THEREFORE ORDERED that LAURA HIGHTOWER shall pay as child support the sum of $2871.00, payable directly to the Attorney/Guardian Ad Litem, LYNN CHERRY, on or before 4:00 p.m., November 19, 1993 at 312 West Twelfth Street, Dallas, Texas 75208.

The record contains copies of the invoices the ad litem sent to relator and her former husband. Each invoice shows the ad litem charged an hourly rate for professional services performed and for expenses such as facsimiles, postage and copies. These invoices show the ad litem charged $6,638.34 for professional services performed and expenses incurred from August 12, 1993, through September 29, 1993. After crediting relator and her ex-husband with the amounts they paid, a $2871 balance of fees and expenses remained. The trial court ordered this balance paid by relator.

## THE PARTIES' CONTENTIONS

In support of her application for writ of habeas corpus, relator asserts eleven points of error. Relator first complains that the trial court erred in holding her in contempt and confining her because the order requires imprisonment for nonpayment of a debt in violation of the Texas Constitution.

The trial court characterized the ad litem fees and expenses as child support. The ad litem responds that, because the trial court ordered the fees and expenses paid as child support, relator's imprisonment for failure to pay those sums does not violate the Constitution. The ad litem argues the trial court had the discretion to determine the fees, order them paid as child support, and thus exercise

the court's contempt powers to imprison relator for failure to pay the fees.

## THE ISSUE

The issue is whether the trial court can, by characterizing ad litem fees and expenses as child support, enforce by contempt payment of ad litem fees and expenses incurred in a suit affecting the parent-child relationship brought under section 11.02 of the family code.

## THE APPLICABLE LAW

### A. Burden of Proof

■ An original habeas corpus proceeding is a collateral attack on the contempt judgment. *See Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967) (orig. proceeding). In a habeas corpus proceeding, a relator bears the burden to show the contempt order is void and not merely voidable. *Ex parte Lowery*, 518 S.W.2d 897, 899 (Tex.Civ.App.—Beaumont 1975, orig. proceeding); *Ex parte Holloway*, 490 S.W.2d 624, 626 (Tex.Civ. App.—Dallas 1973, orig. proceeding). A relator must conclusively show her entitlement to a writ. *Ex parte Crawford*, 506 S.W.2d 920, 922 (Tex.Civ.App.—Tyler 1974, orig. proceeding).

### B. Standard of Review

■ In an original habeas corpus proceeding, we do not have jurisdiction to weigh the evidence offered at the contempt hearing to determine whether it preponderates against the judgment. *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184, 186 (1953) (orig. proceeding); *Ex parte Linder*, 783 S.W.2d 754, 760 (Tex.App.—Dallas 1990, orig. proceeding). We accord to the trial court the right to judge the witnesses' credibility and the weight given their testimony. *See Ex parte Elmore*, 161 Tex. 585, 342 S.W.2d 558, 561 (1961) (orig. proceeding); *Ex parte Karr*, 663 S.W.2d 534, 538 (Tex.App.—Amarillo 1983, orig. proceeding).

■ As a reviewing court, we may only determine if the trial court's contempt findings are so completely without evidentiary support that the trial court's judgment is void because it deprives a relator of liberty without due process of law. *Ex parte Helms*, 259 S.W.2d at 186; *Ex parte Karr*, 663 S.W.2d at 537. In short, we do not review the trial court's exercise of its discretion nor the sufficiency of the evidence to support the trial court's action. *Ex parte La Rocca*, 154 Tex. 618, 282 S.W.2d 700, 703 (1955) (orig. proceeding); *Ex parte Hosken*, 480 S.W.2d 18, 20 (Tex.Civ.App.—Beaumont 1972, orig. proceeding).

■ We have found no Texas case that expressly articulates the nature of our review of a trial court's application of the law to the facts. We conclude that the standard set by the Texas Supreme Court in original mandamus proceedings for review of a trial court's application of the law should apply in a review of a trial court's application of the law in a contempt proceeding.

■ In a mandamus proceeding, we review the trial court's determination of the legal principles controlling its ruling with less deference than we review factual findings. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. A trial court's clear failure to analyze or apply the law correctly is an abuse of discretion. *See Joachim v. Chambers*, 815 S.W.2d 234, 240 (Tex. 1991) (orig. proceeding); *NCNB Texas National Bank v. Coker*, 765 S.W.2d 398, 400 (Tex.1989) (orig. proceeding).

### C. Applicable Law

■ Under our law, a court shall not imprison a person for debt. Tex.Const. art. I, § 18. Our law does not allow collection of attorney's fees by contempt proceedings. *Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523, 525–26 (1961) (orig. proceeding). However, the law does not consider attorney's fees and costs awarded in a contempt proceeding to enforce child support payments a debt. A court may enforce such fees and costs through a contempt judgment. Tex. R.Civ.P. 308a; *Ex parte Rogers*, 633 S.W.2d 666, 670–71 (Tex.App.—Amarillo 1982, orig. proceeding). A contempt order enforcing child support, including attorney's fees for enforcement, does not violate the constitu-

tional right not to be imprisoned for debt. *Ex parte Helms,* 259 S.W.2d at 188.

However, the power to punish for contempt is one the trial court should exercise with caution. *Ex parte Rogers,* 633 S.W.2d at 671. Because of this widely accepted principle, Texas courts limit any extension of the "duty to support" to those services and costs required for enforcing child support. *See Ex parte Myrick,* 474 S.W.2d 767, 772 (Tex.Civ.App.—Houston [1st Dist.] 1971, orig. proceeding). The family code provides that after notice and hearing, the trial court may enforce by contempt any decree or court order for child support. *See* TEX.FAM.CODE ANN. § 14.40(a) (Vernon 1986).

In a suit affecting the parent-child relationship, the court may appoint an attorney to represent the child when necessary to protect the interests of the child. TEX.FAM. CODE ANN. § 11.10(c) (Vernon 1986). An attorney appointed by the court to represent a child under section 11.10(c) may receive a reasonable fee set by the court. TEX.FAM. CODE ANN. § 11.10(e) (Vernon 1986).

## APPLICATION OF LAW TO FACTS

The ad litem argues the trial court's November order for payment of her fees was not for attorney's fees, but was for payment of child support. She relies on the language of the trial court's order. She argues the trial court had the discretion to determine that her fees and expenses were child support. She asserts the trial court correctly enforced payment through contempt. We disagree.

The trial court appointed the ad litem under section 11.10(c) of the family code. TEX. FAM.CODE ANN. § 11.10(c) (Vernon 1986). The unpaid ad litem fees arose from the fees the trial court awarded under section 11.10(e) of the family code. TEX.FAM.CODE ANN. § 11.10(e) (Vernon 1986). Accordingly, although the ad litem drafted the order to provide that the fees were child support, they are clearly nothing more than attorney's fees.

The fees the trial court awarded are not within the exception to the constitutional prohibition of imprisonment for debt. *See* TEX. R.CIV.P. 308a. These fees did not arise from enforcement of a child support order by a contempt order. Section 14.40 of the family code does not provide statutory support for enforcement of the ad litem's unpaid fees by contempt. TEX.FAM.CODE ANN. § 14.40 (Vernon 1986 & Supp.1994).

The ad litem also argues that, unless we permit enforcement of ad litem fees by contempt, there is no avenue to protect ad litems from parents who refuse to pay for the ad litems' services. We disagree.

The trial court may order the parents to deposit funds into the registry of the court or into an account to defray future ad litem fees and expenses. The ad litem may secure a judgment for the unpaid fees and expenses. The ad litem then may pursue any remedy available to a judgment creditor for collection of the judgment.

Although section 11.10(e) authorizes an award of attorney's fees and costs against relator, we hold the unpaid fees and expenses is a debt and not child support. The trial court abused its discretion because it improperly applied the law to the facts. We hold the trial court did not have authority to enforce payment of the fees and expenses by contempt. TEX.CONST. art. I, § 18; *Ex parte Rogers,* 633 S.W.2d at 671. We hold the contempt order is void.

We grant the writ and discharge the relator.