In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00635-CV
____________

IN THE MATTER OF ROBERT WESTERGARD MOERS, JR., LINDSEY
ELIZABETH MOERS, AND CONRAD DIELMAN MOERS, CHILDREN





On Appeal from the 257th District Court 
Harris County, Texas
Trial Court Cause No. 1996-11803 




O P I N I O N
          Appellant, Robert Westergard Moers, Sr., challenges the portion of the trial
court’s decree entered in a suit affecting the parent-child relationship that
characterizes attorney’s fees awarded as child support to Moers’s former spouse,
appellee Nancy Lynn Premazon. In five issues, Moers contends that the trial court
abused its discretion in characterizing attorney’s fees as child support. We modify
the trial court’s decree to delete all characterizations of attorney’s fees as “child
support” or “in the nature of child support.” 
Background
          Moers and Premazon divorced in 1998, and Moers later petitioned the trial
court to modify the parent-child relationship. Premazon counter-petitioned to modify
the parent-child relationship regarding their three children: Robert Westergard
Moers, Jr.; Lindsey Elizabeth Moers; and Conrad Dielman Moers. Each child was
represented by an attorney ad litem at the bench trial on the petitions. At the
conclusion of the trial, the court entered a decree granting partial relief to both Moers
and Premazon. 
          After the trial court entered its decree, Moers moved the trial court to reform
the judgment or, alternatively, to grant a new trial. Among other things, Moers
complained that the trial court erred in characterizing attorney’s fees as child support. 
In response to Moers’s motion, the trial court entered an amended decree that ordered
Moers to pay $120,000 in attorney’s fees incurred by Premazon; $70,000 of which
was incurred “in the nature of child support.” In addition, the trial court ordered
Moers to pay 80 percent of the fees incurred by the attorneys ad litem. These fees
exceeded $72,000 and were also taxed as child support. The trial court entered
findings of fact and conclusions of law in support of its decree. Both enumerate the
attorney’s fees owed by Moers and describe the fees as “in the nature of child
support.”Standard of Review
          Moers neither contends that attorney’s fees should not have been awarded
against him, nor challenges the amount in which they were awarded. Rather, Moers
contends that attorney’s fees in a suit to modify the parent-child relationship cannot
be characterized or taxed as child support under Texas law. Accordingly, we construe
Moers’s contention as challenging the trial court’s legal conclusion that attorney’s
fees may be awarded as child support. 
          We review the trial court’s conclusions of law de novo. See In re Humphreys,
880 S.W.2d 402, 404 (Tex. 1994) (“[Q]uestions of law are always reviewable de
novo.”). As an appellate court, we must independently evaluate conclusions of law
to determine their correctness and will uphold them on appeal if the judgment can be
sustained on any legal theory supported by the evidence. Houston Bellaire, LTD. v.
TCP LB Portfolio I, L.P., 981 S.W.2d 916, 919 (Tex. App.—Houston [1st Dist.]
1998, no pet.). Attorney’s Fees Incurred as Child Support
          In his first issue, which disposes of the appeal, Moers contends that the trial
court misapplied the Family Code by awarding attorney’s fees to Premazon “in the
nature of child support.” 
          In a suit affecting the parent-child relationship, the Family Code provides that
a trial court “may order reasonable attorney’s fees as costs” and that such fees “may
be enforced . . . by any means available for the enforcement of a judgment for debt.” 
Tex. Fam. Code Ann. § 106.002 (Vernon 2002). Additionally, attorney ad litem fees
“may be taxed as costs to be assessed against one or more of the parties.” Tex. Fam.
Code Ann. § 107.015 (Vernon 2002). 
          Not all attorney’s fees, however, are treated as costs enforceable as debt. If a
respondent has failed to make child support payments, the trial court “shall order the
respondent to pay the movant’s reasonable attorney’s fees” and such fees “may be
enforced by any means available for the enforcement of child support, including
contempt.” Tex. Fam. Code Ann. § 157.167 (Vernon 2002). Attorney’s fees are thus
permissibly taxed as child support when incurred during child support enforcement
proceedings. See Ex parte Wessell, 807 S.W.2d 17, 20 (Tex. App.—Houston [14th
Dist.] 1991, orig. proceeding); Tamez v. Tamez, 822 S.W.2d 688, 691 (Tex.
App.—Corpus Christi 1991, writ denied).
          Although attorney’s fees may be taxed as child support in suits brought to
enforce a child-support order, appellate courts distinguish fees awarded in suits
brought to modify a child-support order because of the consequences that follow from
characterizing the fees as child support. See Ex parte Hightower, 877 S.W.2d 17, 20
(Tex. App.—Dallas 1994, orig. proceeding, writ dism’d w.o.j.); Roosth v. Daggett,
869 S.W.2d 634, 637 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding). 
Texas law forbids imprisoning a person for debt and collecting attorney’s fees by
contempt proceedings. See Tex. Const. art. I, § 18; Wallace v. Briggs, 348 S.W.2d
523, 525-26 (Tex. 1961). But attorney’s fees and costs awarded in proceedings to
enforce child support payments are not considered debt and may be enforced through
a contempt judgment. Tex. Fam. Code Ann. § 157.167; Ex parte Hightower, 877
S.W.2d at 20. Furthermore, a decree that awards attorney’s fees characterized as
child support could result in garnishment of the obligor’s wages and loss of the
obligor’s professional licenses in a suit brought to enforce the decree. See Tex.
Const. art. XVI, § 28; Tex. Fam. Code Ann. § 232.003 (Vernon 2002). In
designating attorney’s fees as child support, therefore, a trial court imposes
potentially serious consequences on the obligor. 
          A trial court should exercise its contempt power with caution. Ex parte
Hightower, 877 S.W.2d at 21. Because of this widely accepted principle, we have
sought to limit any extension of the “duty to support” to services and costs required
for enforcing child support. Ex parte Myrick, 474 S.W.2d 767, 772 (Tex.
App.—Houston [1st Dist.] 1971, orig. proceeding). Our efforts correspond with those
of the Legislature, which has permitted attorney’s fees to be taxed as child support
solely in section 157.167, which is limited to child support enforcement proceedings. 
Tex. Fam. Code Ann. § 157.167. Subject to this single exception, section 106.002
provides that attorney’s fees are to be awarded as costs that are enforceable as debt. 
See Tex. Fam. Code Ann. § 106.002. 
          The case before us does not involve attorney’s fees and costs incurred in a
child-support enforcement proceeding. Rather, this case involves attorney’s fees and
costs incurred in modifying a court order affecting the parent-child relationship by
creating new child-support obligations. We agree with the Fifth and Fourteenth
Courts of Appeals that attorney’s fees and costs may not be taxed or characterized as
child support when they are incurred in a suit brought to modify the parent-child
relationship that does not involve the enforcement of a child support obligation. See
Ex parte Hightower, 877 S.W.2d at 21 (holding attorney ad litem fees incurred in suit
to modify visitation rights are not child support and cannot be enforced through
contempt power); Roosth, 869 S.W.2d at 637 (holding attorney’s fees incurred in joint
divorce proceeding are debt not enforceable through contempt power); see also
Goldberg v. Miller, 810 A.2d 947 (Md. 2002) (citing Hightower in concluding that
attorney ad litem fees may not be characterized as child support in modification
proceeding).


 Because this case does not involve enforcement of child-support obligations, we hold that the trial court erred in characterizing attorney’s fees
as child support.
           We sustain appellant’s first issue. Because this issue disposes of this appeal,
we need not address appellant’s remaining issues.
 Conclusion
          We modify the trial court’s decree to delete all characterizations of attorney’s
fees as “child support” or “in the nature of child support.” We affirm the decree as
modified. 
 
 
                                                                       Elsa Alcala
     Justice

Panel consists of Justices Hedges, Jennings, and Alcala.