COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-248-CV
  
  
IN 
THE INTEREST OF V.T.
  
  
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
James, father of V.T., filed a petition to modify less than two months after the 
trial court signed a final modification order granting Appellee Kristan, 
V.T.’s mother, the exclusive right to establish the child’s primary 
residence.  In his petition, James sought child support and the exclusive 
right to establish V.T.’s residence.  Instead, the trial court appointed 
Kristan as sole managing conservator and increased James’s child support 
obligation.  The trial court also awarded Kristan $27,500.00 in 
attorney’s fees and costs, taxed as child support.  James brings seven 
issues on appeal.  Because we hold that the trial court did not abuse its 
discretion in increasing James’s child support obligation but did abuse its 
discretion in awarding attorney’s fees incurred in defending against James’s 
petition for writ of mandamus and in taxing attorney’s fees and costs as child 
support, we affirm the judgment as modified.
        In 
his first issue, James contends that the trial court abused its discretion by 
increasing his child support obligation.  Specifically, James claims that 
there were no pleadings on file asking for a modification of child support and 
that the issue was not tried by consent.  James’s live petition requested 
that child support be decreased, and, alternatively, we presume, that Kristan be 
ordered to pay child support pursuant to statutory guidelines. Kristan’s live 
petition asked the court to make proper orders for the support of the child and 
requested that the relative rights, privileges, duties, and powers of the 
conservators be modified.  Paying child support is a duty.[2]  
The pleadings were sufficient to authorize the trial court to increase James’s 
child support obligation.[3]  We therefore do not 
reach James’s argument concerning trial by consent.[4]  
We overrule his first issue.
        In 
his fifth issue, James contends that the trial court abused its discretion when 
it admitted Dr. Michael Flynn’s testimony and took judicial notice of his 
social study report. While James objected to Flynn’s testimony before it 
began, on the basis of “not having all of the . . . 194 disclosures made,” 
and refused to stipulate that Flynn is an expert, James did not object when 
Kristan offered Flynn as an expert, nor did he object to any opinions Flynn 
offered about the child’s emotional state, her educational needs, the 
strengths and weaknesses of each parent, and the parent whose home could best 
meet her needs.  Additionally, James did not object to Flynn’s testimony 
about his report, nor did he object to the trial court taking judicial notice of 
the report.  James has therefore failed to preserve his complaint.[5]  We overrule his fifth issue.
        In 
his fourth issue, James contends that the trial court abused its discretion when 
it refused to allow him to offer rebuttal evidence about the requirements of a 
social study.  The trial court apparently excluded the testimony of social 
worker Diane Booth because James’s discovery response did not adequately 
disclose the subject matter of her testimony.  The purpose of requiring 
disclosure of an expert’s testimony before trial is to give the opposing party 
sufficient information about the expert’s opinions to permit the party to 
prepare to cross-examine the expert and prepare rebuttal evidence with her own 
experts.[6]   A party who fails to timely 
disclose the subject matter of expert testimony upon request may not offer the 
expert's testimony unless the trial court finds that there was good cause for 
the failure to timely provide the information or that the failure to provide the 
discovery will not unfairly surprise or prejudice the other party.[7]   The burden of establishing good cause or lack 
of unfair prejudice or surprise is on the party seeking to call the witness.[8]  We review the trial court's ruling under an abuse of 
discretion standard.[9]
        James’s 
response to requests for disclosure, according to Kristan’s trial counsel’s 
statement in the court reporter’s record of the voir dire hearing, provided 
that Booth would testify that it would be in V.T.’s best interest for James to 
be appointed joint managing conservator with primary possession. James has not 
brought us a record of either the relevant request for disclosure or his 
response.  But at the voir dire hearing, James’s trial counsel stated 
that Booth would “rebut the social study that was conducted by Mr. Flynn and . 
. . inform the Court and help the fact finder to determine what all is involved 
in the social study, what should have been in the social study, and report only 
her findings on [James] and the child.”  In the bill of exception, Booth 
testified that Flynn’s social study was just a psychological evaluation and 
home study because Flynn had not spent enough time interviewing the child or the 
parents.  There is no evidence that Booth’s testimony matched James’s 
response to Kristan’s request for disclosure.  Accordingly, we cannot say 
that the trial court abused its discretion in excluding Booth’s 
testimony.  We overrule James’s fourth issue.
        In 
his sixth issue, James contends that the trial court abused its discretion by 
allowing Kristan’s former trial counsel, who withdrew after James complained 
that he should be disqualified because his firm also represented James in his 
bankruptcy proceeding, to assist Kristan’s new trial counsel.  James 
points to no evidence in the record that Kristan’s former trial counsel 
assisted Kristan’s new trial counsel, nor does he point us to any objection he 
made concerning former counsel’s alleged presence in the courtroom as 
co-counsel. James has therefore waived this complaint.[10]  
We overrule his sixth issue.
        In 
his seventh issue, James complains that the trial court abused its discretion by 
failing to use due diligence to determine the wishes and best interest of V.T. 
while interviewing her in chambers.  James points out that the family code 
provides no standards for the manner in which these interviews are 
conducted.  Our review of the trial court’s short interview demonstrates 
that V.T. sufficiently communicated her desire to live with James and her belief 
that she would be happier with him.  We decline James’s invitation to 
superimpose a due diligence requirement on the mandatory statute.  We 
overrule James’s seventh issue.
        In 
his second issue, James contends that the award of $27,500.00 in attorney’s 
fees and costs to Kristan was improper because a substantial part of the 
attorney’s fees arose from Kristan’s defense of James’s petition for writ 
of mandamus in this court.  We agree.  James filed his petition for 
writ of mandamus complaining of the trial court’s order denying his motion to 
disqualify Kristan’s former counsel.  After we requested a response, 
Kristan’s former counsel withdrew from the case and filed a motion to dismiss 
the petition for writ of mandamus.  We granted the motion and dismissed the 
petition as moot.  The mandamus proceeding originated in this court.[11]  Although related to the modification suit below, 
it was an original, separate proceeding within this court’s jurisdiction.[12]  We had jurisdiction to award attorney’s fees in 
the mandamus proceeding; the trial court did not.[13]
        The 
evidence showed that of the $31,171.54 incurred in reasonable attorney’s fees 
and expenses, $6,000.00 were incurred in defending the petition for writ of 
mandamus.  Consequently, we sustain James’s second issue in part and 
overrule it in part.  We therefore modify the order to award attorney’s 
fees and costs of $25,171.54, not $27,500.00.
        In 
his third issue, James contends that the trial court abused its discretion when 
it ordered that attorney’s fees and costs be taxed as additional child 
support.[14]  For the reasons expressed in In 
re Moers,[15] we join our sister courts in 
Houston, Waco, and Dallas in holding that attorney’s fees and costs may not be 
taxed or characterized as child support when they are incurred in a suit brought 
to modify the parent-child relationship that does not involve the enforcement of 
a child support obligation.[16]  We sustain 
James’s third issue.  We therefore modify the trial court's order by 
changing the section heading entitled “Additional Child Support” to 
“Attorney’s Fees and Costs Awarded to Mother,” deleting the phrase in that 
section “taxed as additional child support,” and changing the order that the 
payments be made to the Texas Child Support Disbursement Unit to an order that 
payments be made to Kristan at her last known mailing address on file with the 
trial court.
        Having 
modified the trial court’s order to reduce the award of attorney’s fees and 
costs from $27,500.00 to $25,171.54 and to exclude attorney’s fees and costs 
from the realm of child support, we affirm the trial court’s order as 
modified.
 
  
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
  
  
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
DELIVERED: 
June 17, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Tex. Fam. Code Ann. § 
151.001(a)(3) (Vernon Supp. 2004).
3.  
See Devine v. Devine, 490 S.W.2d 246, 248 (Tex. Civ. App.—Tyler 1972, 
no writ); Danburg v. Danburg, 444 S.W.2d 845, 847-48 (Tex. Civ. 
App.—Houston [14th Dist.] 1969, no writ).
4.  
See Tex. R. App. P. 47.1.
5.  
See Tex. R. App. P. 
33.1(a); Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g); 
see also Tex. R. Evid. 
103(a)(1).
6.  
Exxon Corp. v. W. Tex. Gathering Co., 868 S.W.2d 299, 304 (Tex. 1993); Taylor 
Foundry Co. v. Wichita Falls Grain Co., 51 S.W.3d 766, 773 (Tex. App.—Fort 
Worth 2001, no pet.).
7.  
Tex. R. Civ. P. 193.6(a); VingCard 
A.S. v. Merrimac Hospitality Sys., Inc., 59 S.W.3d 847, 855 (Tex. 
App.—Fort Worth 2001, pet. denied) (op. on reh'g).
8.  
Tex. R. Civ. P. 193.6(b).
9.  
Bodnow Corp. v. City of Hondo, 721 S.W.2d 839, 840 (Tex. 1986); VingCard, 
59 S.W.3d at 855.
10.  
See Tex. R. App. P. 
33.1(a); Bushell, 803 S.W.2d at 712; see also Tex. R. Evid. 103(a)(1).
11.  
See Tex. Gov’t Code Ann. 
§ 22.221 (Vernon 2004).
12.  
See In re Davis, 87 S.W.3d 794, 795 (Tex. App.—Texarkana 2002, 
orig. proceeding) (holding that jurisdiction over interlocutory appeal because 
of transfer order did not extend to entirely separate mandamus proceeding).
13.  
See Tex. R. App. P. 52.11 
(allowing sanctions awards in original proceedings); compare In re 
Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding) (holding 
that trial court abused discretion by awarding appellate attorney's fees without 
conditioning fee award on outcome of appellate court proceeding).
14.  
While James does not mention costs in the statement of his issue, it is clear 
from his argument that he challenges both attorney’s fees and costs, which 
were awarded as one lump sum.
15.  
104 S.W.3d 609, 611-12 (Tex. App.—Houston [1st Dist.] 2003, no 
pet.).
16.  
Id.; In re J.C.K., No. 10-01-400-CV, 2004 WL 1109884, at *10 (Tex. 
App.—Waco May 12, 2004, no pet. h.); Ex parte Hightower, 877 S.W.2d 17, 
20 (Tex. App.—Dallas 1994, orig. proceeding); Roosth v. Daggett, 869 
S.W.2d 634, 637 (Tex. App.—Houston [14th Dist.] 1994, orig. 
proceeding).