In the Interest of V.T

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-248-CV

IN THE INTEREST OF V.T. 

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant James, father of V.T., filed a petition to modify less than two months after the trial court signed a final modification order granting Appellee Kristan, V.T.’s mother, the exclusive right to establish the child’s primary residence.  In his petition, James sought child support and the exclusive right to establish V.T.’s residence.  Instead, the trial court appointed Kristan as sole managing conservator and increased James’s child support obligation.  The trial court also awarded Kristan $27,500.00 in attorney’s fees and costs, taxed as child support.  James brings seven issues on appeal.  Because we hold that the trial court did not abuse its discretion in increasing James’s child support obligation but did abuse its discretion in awarding attorney’s fees incurred in defending against James’s petition for writ of mandamus and in taxing attorney’s fees and costs as child support, we affirm the judgment as modified. 

In his first issue, James contends that the trial court abused its discretion by increasing his child support obligation.  Specifically, James claims that there were no pleadings on file asking for a modification of child support and that the issue was not tried by consent.  James’s live petition requested that child support be decreased, and, alternatively, we presume, that Kristan be ordered to pay child support pursuant to statutory guidelines.  Kristan’s live petition asked the court to make proper orders for the support of the child and requested that the relative rights, privileges, duties, and powers of the conservators be modified.  Paying child support is a duty.
(footnote: 2)  The pleadings were sufficient to authorize the trial court to increase James’s child support obligation.
(footnote: 3)  We therefore do not reach James’s argument concerning trial by consent.
(footnote: 4)  We overrule his first issue.

In his fifth issue, James contends that the trial court abused its discretion when it admitted Dr. Michael Flynn’s testimony and took judicial notice of his social study report.  While James objected to Flynn’s testimony before it began, on the basis of “not having all of the . . . 194 disclosures made,” and refused to stipulate that Flynn is an expert, James did not object when Kristan offered Flynn as an expert, nor did he object to any opinions Flynn offered about the child’s emotional state, her educational needs, the strengths and weaknesses of each parent, and the parent whose home could best meet her needs.  Additionally, James did not object to Flynn’s testimony about his report, nor did he object to the trial court taking judicial notice of the report.  James has therefore failed to preserve his complaint.
(footnote: 5)  We overrule his fifth issue.

In his fourth issue, James contends that the trial court abused its discretion when it refused to allow him to offer rebuttal evidence about the requirements of a social study.  The trial court apparently excluded the testimony of social worker Diane Booth because James’s discovery response did not adequately disclose the subject matter of her testimony.  The purpose of requiring disclosure of an expert’s testimony before trial is to give the opposing party sufficient information about the expert’s opinions to permit the party to prepare to cross-examine the expert and prepare rebuttal evidence with her own experts.
(footnote: 6)  A party who fails to timely disclose the subject matter of expert testimony upon request may not offer the expert's testimony unless the trial court finds that there was good cause for the failure to timely provide the information or that the failure to provide the discovery will not unfairly surprise or prejudice the other party.
(footnote: 7)  The burden of establishing good cause or lack of unfair prejudice or surprise is on the party seeking to call the witness.
(footnote: 8)  We review the trial court's ruling under an abuse of discretion standard.
(footnote: 9)
 James’s response to requests for disclosure, according to Kristan’s trial counsel’s statement in the court reporter’s record of the voir dire hearing, provided that Booth would testify that it would be in V.T.’s best interest for James to be appointed joint managing conservator with primary possession. James has not brought us a record of either the relevant request for disclosure or his response.  But at the voir dire hearing, James’s trial counsel stated that Booth would “rebut the social study that was conducted by Mr. Flynn and . . . inform the Court and help the fact finder to determine what all is involved in the social study, what should have been in the social study, and report only her findings on [James] and the child.”  In the bill of exception, Booth testified that Flynn’s social study was just a psychological evaluation and home study because Flynn had not spent enough time interviewing the child or the parents.  There is no evidence that Booth’s testimony matched James’s response to Kristan’s request for disclosure.  Accordingly, we cannot say that the trial court abused its discretion in excluding Booth’s testimony.  We overrule James’s fourth issue.

In his sixth issue, James contends that the trial court abused its discretion by allowing Kristan’s former trial counsel, who withdrew after James complained that he should be disqualified because his firm also represented James in his bankruptcy proceeding, to assist Kristan’s new trial counsel.  James points to no evidence in the record that Kristan’s former trial counsel assisted Kristan’s new trial counsel, nor does he point us to any objection he made concerning former counsel’s alleged presence in the courtroom as co-counsel.  James has therefore waived this complaint.
(footnote: 10)  We overrule his sixth issue.

In his seventh issue, James complains that the trial court abused its discretion by failing to use due diligence to determine the wishes and best interest of V.T. while interviewing her in chambers.  James points out that the family code provides no standards for the manner in which these interviews are conducted.  Our review of the trial court’s short interview demonstrates that V.T. sufficiently communicated her desire to live with James and her belief that she would be happier with him.  We decline James’s invitation to superimpose a due diligence requirement on the mandatory statute.  We overrule James’s seventh issue.

In his second issue, James contends that the award of $27,500.00 in attorney’s fees and costs to Kristan was improper because a substantial part of the attorney’s fees arose from Kristan’s defense of James’s petition for writ of mandamus in this court.  We agree.  James filed his petition for writ of mandamus complaining of the trial court’s order denying his motion to disqualify Kristan’s former counsel.  After we requested a response, Kristan’s former counsel withdrew from the case and filed a motion to dismiss the petition for writ of mandamus.  We granted the motion and dismissed the petition as moot.  The mandamus proceeding originated in this court.
(footnote: 11)  Although related to the modification suit below, it was an original, separate proceeding within this court’s jurisdiction.
(footnote: 12)  We had jurisdiction to award attorney’s fees in the mandamus proceeding; the trial court did not.
(footnote: 13)
 The evidence showed that of the $31,171.54 incurred in reasonable attorney’s fees and expenses, $6,000.00 were incurred in defending the petition for writ of mandamus.  Consequently, we sustain James’s second issue in part and overrule it in part.  We therefore modify the order to award attorney’s fees and costs of $25,171.54, not $27,500.00.

In his third issue, James contends that the trial court abused its discretion when it ordered that attorney’s fees and costs be taxed as additional child support.
(footnote: 14)  For the reasons expressed in 
In re Moers
,
(footnote: 15) we join our sister courts in Houston, Waco, and Dallas in holding that attorney’s fees and costs may not be taxed or characterized as child support when they are incurred in a suit brought to modify the parent-child relationship that does not involve the enforcement of a child support obligation.
(footnote: 16)  We sustain James’s third issue.  We therefore modify the trial court's order by changing the section heading entitled “Additional Child Support” to “Attorney’s Fees and Costs Awarded to Mother,” deleting the phrase in that section “taxed as additional child support,” and changing the order that the payments be made to the Texas Child Support Disbursement Unit to an order that payments be made to Kristan at her last known mailing address on file with the trial court.

Having modified the trial court’s order to reduce the award of attorney’s fees and costs from $27,500.00 to $25,171.54 and to exclude attorney’s fees and costs from the realm of child support, we affirm the trial court’s order as modified.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DELIVERED: June 17, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Fam. Code Ann.
 § 151.001(a)(3) (Vernon Supp. 2004).

3:
See Devine v. Devine
, 490 S.W.2d 246, 248 (Tex. Civ. App.—Tyler 1972, no writ); 
Danburg v. Danburg
, 444 S.W.2d 845, 847-48 (Tex. Civ. App.—Houston [14
th
 Dist.] 1969, no writ).

4:
See
 
Tex. R. App. P.
 47.1.

5:
See
 
Tex. R. App. P.
 33.1(a); 
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g);
 see also
 
Tex. R. Evid.
 103(a)(1).

6:
Exxon Corp. v. W. Tex. Gathering Co.
, 868 S.W.2d 299, 304 (Tex. 1993); 
Taylor Foundry Co. v. Wichita Falls Grain Co.
, 51 S.W.3d 766, 773 (Tex. App.—Fort Worth 2001, no pet.).

7:
Tex. R. Civ. P. 
193.6(a); 
VingCard A.S. v. Merrimac Hospitality Sys.
,
 Inc.
, 59 S.W.3d 847, 855 (Tex. App.—Fort Worth 2001, pet. denied) (op. on reh'g).

8:
Tex. R. Civ. P.
 193.6(b).

9:
Bodnow Corp. v. City of Hondo
, 721 S.W.2d 839, 840 (Tex. 1986); 
VingCard
, 59 S.W.3d at 855.

10:
See
 
Tex. R. App. P.
 33.1(a); 
Bushell
, 803 S.W.2d at 712;
 see also
 
Tex. R. Evid.
 103(a)(1).

11:
See
 
Tex. Gov’t Code Ann.
 § 22.221 (Vernon 2004).

12:
See
 
In re Davis
, 87 S.W.3d 794, 795 (Tex. App.—Texarkana 2002, orig. proceeding) (holding that jurisdiction over interlocutory appeal because of transfer order did not extend to entirely separate mandamus proceeding).

13:
See 
Tex. R. App. P.
 52.11 (allowing sanctions awards in original proceedings); 
compare
 
In re Ford Motor Co.
, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding) (holding that trial court abused discretion by awarding appellate attorney's fees without conditioning fee award on outcome of appellate court proceeding).

14:
While James does not mention costs in the statement of his issue, it is clear from his argument that he challenges both attorney’s fees and costs, which were awarded as one lump sum.

15:
104 S.W.3d 609, 611-12 (Tex. App.—Houston [1
st
 Dist.] 2003, no pet.).

16:
Id.
; 
In re J.C.K.
, No. 10-01-400-CV, 2004 WL 1109884, at *10 (Tex. App.—Waco May 12, 2004, no pet. h.); 
Ex parte Hightower
, 877 S.W.2d 17, 20 (Tex. App.—Dallas 1994, orig. proceeding); 
Roosth v. Daggett
, 869 S.W.2d 634, 637 (Tex. App.—Houston [14
th
 Dist.] 1994, orig. proceeding).