**HENDRY v. HENDRY.**

No. 9960.

Court of Civil Appeals of Texas. Austin.
April 4, 1951.

Rehearing Denied April 25, 1951.

W. S. Leslie, San Angelo, for appellant.
O'Neal Dendy, San Angelo, for appellee.

PER CURIAM.

Appellee filed suit against appellant for divorce and for partition of their community property. In this suit a receiver was appointed to take charge of and hold, during the pendency of the suit, a certain post office check for the sum of $2,475, which check is admitted to be community property. Subsequent to the appointment of the receiver, and his qualifying as such, appellee filed his motion alleging that he was an invalid, was unable to secure employment, was in destitute circumstances and owed debts. He prayed that the motion be set down for hearing and that appellant and the receiver be notified to appear and show cause why he should not be allowed the sum of $276 out of the post office check and that he be paid the further sum of not less than $25 per month during the pendency of the suit. This motion was set down for hearing, notices of the hearing were served, appellant answered, a hearing was had and the court entered the following order: "It is therefore, the order and judgment of the court that the receiver, Lloyd Hendry, be and he is hereby authorized and directed to reduce said post office check which he now hold – for the benefit of the plaintiff and defendant to cash, and that after so doing he deliver to the plaintiff the sum of $200.00 immediately, and that he likewise, if the defendant so requests deliver to her the sum of $200.00, and that he hold the remaining funds in his hands as such receiver for further orders of this court."

This appeal questions the authority of the trial court to enter the above order.

Article 4636, Vernon's Ann.Civ.St., provides: "Pending suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable."

Even though the above order is directed to the receiver, a third party, it is none the less a temporary order respecting the parties and their property authorized by Art. 4636, supra. It is an interlocutory order, and since there is no statute which authorizes this attempted appeal, this court

is without jurisdiction further than to dismiss the appeal on our own motion. Pioneer American Ins. Co. v. Knox, Tex.Civ. App., 199 S.W.2d 711, Writ of Er. Ref.

The appeal is dismissed.