W. F. WALLACE, SR., V. HONORABLE CULLEN W. BRIGGS, DISTRICT JUDGE ET AL

No. A-8394. Decided July 19, 1961
(348 S. W. 2d Series 523)

*Lyman & Sudduth,* of Corpus Christi, for relator.

*Matthews, Nowlin, MacFarlane & Barrett,* of San Antonio, and *King, Anderson & Porter,* of Corpus Christi, for respondents.

MR. JUSTICE CULVER delivered the opinion of the Court.

The relator prays for a writ of mandamus to the Honorable Cullen W. Briggs, Judge of the 117th Judicial District of Nueces County, requiring him to rescind an interlocutory order in a divorce suit entitled Mary Ethel Pope Wallace v. W. F. Wallace, Sr. that commanded relator Wallace to pay over to respondent wife the sum of $10,500.00 for attorneys' fees and $1,300.00 for future expenses that may be incurred by her in the prosecution of this divorce action.

Mrs. Wallace filed suit for divorce on or about October 2, 1960. On the following day a temporary restraining order was issued in the usual form enjoining the defendant husband, W. F. Wallace, from disposing of any of the community assets and from threatening or communicating with the plaintiff at any time and place. Thereafter, temporary injunction was granted continuing in force the matters enjoined in the restraining order, ordering

an inventory and appraisement and awarding to the plaintiff the sum of $1,000.00 per month as temporary alimony.

Mrs. Wallace then filed a motion asking that there be set aside to each of the parties the sum of $50,000.00 from the community assets for the purpose of "making gifts and paying all necessary expenses in the operation of community affairs prior to the end of the taxable year ending on December 31, 1960." At a hearing the relief sought on that motion was denied. But nothwithstanding the fact that no written motion had been filed asking for the payment of attorneys' fees and the allowance for future expenses, the court proceeded to receive testimony as to those matters. He then ordered that W. F. Wallace pay over to Mrs. Wallace forthwith the following sums: $805.00 for expenses incurred by her to the date of this hearing; $1,300.00 for expenses to be incurred by her in the future in the prosecution of this case, and $10,500.00 for attorneys' fees incurred for services to date.

The attorneys' fees allowed consisted of the following:

| | |
|---|---|
| To the firm of Barlow, Bland & Rehmet | $1,500.00 |
| To the firm of King, Anderson & Porter of Corpus Christi | 3,500.00 |
| To Burcham Budd of Dallas, an attorney specializing in tax matters | 3,000.00 and |
| To W. F. Wallace, Jr., the son of the plaintiff and defendant for advice and consultation, attorney's fees in the sum of | 2,500.00 |

It appears that at the present time none of these are presently attorneys of record, both of the named firms having withdrawn from the case.

William R. Anderson who represented Mrs. Wallace at this hearing testified that a reasonable fee for his services up to the time of the hearing was $3,500.00; that the value of Mr. Bland's services for the time and work he devoted to the case and who had therefore withdrawn, was reasonably worth the sum of $1,500.00. Mr. Anderson also testified that it was necessary to employ an attorney to render advice in respect to tax problems that would arise; that Mr. Burcham Budd of Dallas had been

488

retained for that purpose and that the reasonable value of Mr. Budd's services would run from $2,500.00 to $3,000.00. It is not clear whether that fee was claimed for services that had been rendered or were to be rendered in the future. However, Mr. Budd had sent in no statement for his services and Mr. Anderson had no idea of how much time Mr. Budd had spent on the case.

W. F. Wallace, Jr. testified that he was his mother's personal attorney and had consulted with Mr. Bland and Mr. Anderson and Mr. Budd, and had devoted some time every day since October 1, 1960, in connection with her business. He claimed that a conservative estimate of the value of his services since October 1st would be $2,500.00. The witness also testified that he would probably be compensated by his mother if she wanted to pay him, otherwise he would not be.

Wallace, Jr. also denied that his mother had employed him as an attorney in the case, but that she employed him as a general attorney and he was counseling and working with the attorneys handling the divorce case for her; that he was not "her counselor for the divorce".

∎ The court predicates his authority to enter this order upon the provisions of Art. 4636, Vernon's Ann. Civ. Stat., which reads:

"Pending suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable."

That article has been construed to confer the power upon the trial court to make such temporary orders as to appoint a receiver to take charge of the property, to award temporary custody of children, to direct the filing of an inventory and appraisement, to set apart the homestead for the temporary use of the wife and children, to award temporary alimony and the like. But the order here entered is in no sense temporary in its nature. It fixes the payment of attorneys' fees for past services rendered to date of the hearing, and as to that matter is final and conclusive. We know of no such authority vested in the trial court by either statute or usage.

∎ The court has the power on the final disposition of the case to award attorneys' fees to the wife, the reasonableness of which are to be determined by the trier of the facts, and they are then

entered as a part of the final judgment. Even then there is no authority for the judge to summarily order them paid or attempt to enforce that order by contempt proceedings.

In support of her contention that the judge has the authority to order the payment of these attorneys' fees by summary action and in advance of the trial, Mrs. Wallace cites Hendry v. Hendry, 238 S.W. 2d 821, Court of Civil Appeals, no writ history, as "probably the closest case in point". This was a divorce suit in which a receiver had been appointed to take charge of the community property. On the plea of the husband that he was an invalid and in destitute circumstances, the court directed the receiver to pay over to him out of the moneys on hand of the community estate the sum of $200.00 and to pay a like sum to the wife upon her request and to hold the balance of the funds for further orders. It clearly appears that these payments were in the nature of temporary alimony and so the matter lay within the court's discretionary authority. In our opinion the decision has no bearing at all on the question here.

The respondent argues that the wife may be allowed an attorney's fee even though the suit for divorce is dismissed or where the divorce has been denied. The cases he cites support that proposition but in no way do they uphold the summary order of the trial judge in our case.

In McClanahan v. McClanahan, 197 S.W. 2d 581, Court of Civil Appeals, no writ history, the trial court had dismissed the plaintiff's suit for divorce because she had not met the statutory residence requirement and also dismissed her claim for attorneys' fees. On appeal the trial court was found to have been in error in so far as the dismissal of the claim for attorneys' fees because she was entitled to a hearing and a determination of that case. Such attorneys' fees as were found reasonable would have been determined and fixed by a final judgment.

Speer's Law of Marital Rights, 3rd Ed., § 638, p. 796, provides.

"It is not essential that the wife recover to have her attorney's fee. If the suit be brought in good faith, she may ordinarily recover them, or where she is the defendant she may recover them, such expenses being ordinarily a necessary. Whether they are a necessary depends largely on the

good faith —probable grounds of the wife in instituting the suit or making the defense."

But all that this means is that the attorneys' fees may be recovered in a suit and fixed by a final judgment based upon the evidence. This is well illustrated by the holding in Roberts v. Roberts, 144 Tex. 603, 192 S.W. 2d 774. In that case the jury had found that the plaintiff husband had not been an actual bona fide inhabitant of the state for one year next preceding the filing of his suit and that a reasonable fee for appellee wife's attorney was $900.00. In the judgment of dismissal the trial court found that the wife had acted in good faith and on probable grounds in contesting the husband's suit and awarded her the attorneys' fees. We held that the trial court was fully warranted in entering judgment in favor of the wife for the sum allowed by the jury as attorneys' fees. So we do not question Mrs. Wallace's right to recover attorneys' fees at the end of this litigation, but we say that the trial court has no authority to determine those fees and allow them in advance of the trial.

Mrs. Wallace cites Turman v. Turman, 99 S.W. 2d 947, Court of Civil Appeals, writ of error dismissed, w.o.j., as being a case where the judge of the trial court under a separate order allowed attorneys' fees for plaintiff's wife and directed them paid out by the receiver from the assets in his hands. The Court of Civil Appeals observed in that case as follows:

"The trial court had the right and authority, under a separate order, to allow attorneys' fees for appellee and to order same paid out by the receiver from the assets in his hands. This order is not a part of, nor is it incorporated in the final judgment appealed from here, and appellant cannot attack such an order on this appeal, under the circumstances."

The opinion does not reveal at what stage in the proceedings the attorneys' fees were ordered to be paid nor is it shown whether or not the trial court's judgment was superseded. At any rate in our opinion the decision in that case does not support the action of the trial court complained of here.

The only pleading filed by Mrs. Wallace in this case requesting any allowance for attorneys' fees is in her original petition wherein she prays that on final hearing on her suit for divorce she have judgment for attorneys' fees.

Admittedly the power conferred upon the court by Art. 4636, Vernon's Ann. Civ. Stat., is broad and discretionary, yet it is not unlimited and does not extend beyond the granting of temporary and necessary relief. Rudasill v. Rudasill, Tex. Civ. App., 206 S.W. 983; Dyer v. Dyer, Tex. Civ. App., 87 S.W. 2d 489.

Mrs. Wallace urges that attorneys' fees for representing the wife are necessaries and it has been so held. Moore v. Moore, Tex. Civ. App., 192 S.W. 929. In that case the court held that the fee allowed by the court for the wife in a divorce case must be reasonable and the trial court may determine whether the fee to be allowed is a necessary under the circumstances and likewise determine the amount. The court there, however, is not speaking of a temporary order made in advance of the trial, but rather of a matter that is to be passed on along with other issues in the trial of the case.

■ This being an interlocutory order from which no appeal will lie the petitioner's only remedy is by way of a writ of mandamus. In similar situations we have issued writs of mandamus where it appears that the trial judge in entering interlocutory orders has abused his discretion. Crane et al. v. Hon. Bert H. Tunks, 160 Tex. 182, 328 S.W. 2d 434; Womack v. Berry, 156 Tex. 44, 291 S.W. 2d 677; Southern Bag & Burlap Co. v. Boyd, 120 Tex. 418, 38 S.W. 2d 565.

Mrs. Wallace lays considerable stress upon the fact that this is a rather large community estate and her attorney estimates the value of the same to be approximately a million and a quarter dollars. But that affords no justification for unauthorized allowances. The record does disclose, however, that this estate is now indebted to the extend of some $400,000.00 and it may not be amiss to observe that it may be quickly dissipated unless the proper procedures are followed.

■ The expense item of $1,300.00 comprises, according to Mr. Anderson, future deposition costs of $1,000.00 and $300.00 by way of travel expense. The order for these future expenses is based solely upon Mr. Anderson's conclusion without any proof of necessity, but wholly speculative. The expense of taking depositions is an item of court costs and properly chargeable as such. Of course traveling expense is not chargeable as costs. If the same are taken and prompt payment becomes necessary provision therefor may be timely made.

■ We hold that the order complained of in so far as attorneys' fees and future expenses are concerned is unauthorized at law and void and that the trial judge in so entering the same has abused his discretion. We note that the enforcement of this order has been suspended pending our action on the application for this writ and we take it that the same will be rescinded in the light of our views herein expressed. Consequently we think that it will be unnecessary for the writ of mandamus to issue at this time.