John Davison ROGERS

v.

CIGNA INSURANCE COMP. OF TEXAS.

No. 01–93–00549–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 26, 1993.

William T. Powell, Houston, Robert G. Clark, Abilene, for appellant.

Gary A. Scarzafava, Kathleen Walsh Beirne, Annelie Menke, Daniel Garcia, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## ORDER

PER CURIAM.

The Court today considered the appellee's motion to require the appellant to increase the cash deposit filed in lieu of appeal bond, to require posting of adequate appeal bond, or alternatively, to dismiss appeal for want of jurisdiction. TEX.R.APP.P. 49(a). The appellee asks this Court to order the appellant to increase the cash deposit, filed in lieu of an appeal bond, by $6,074.53 to cover costs assessed by the trial court and the cost ($53.00) of a supplemental transcript.

This is an appeal from a directed verdict, granted in response to the defendant's (appellee's) motion at the conclusion of the evidence. The judgment of the trial court ordered that the plaintiff (appellant) take nothing and assessed court costs against him. The appellant filed a cash deposit of $1,000.00 in lieu of an appeal bond.

The appeal bond covers the costs that have accrued in the trial court, as well as the cost of the statement of facts and transcript. TEX.R.APP.P. 46(a); *see Tapiador v. North American Lloyds*, 772 S.W.2d 954, 955 (Tex. App.—Houston [1st Dist.] 1989) (order) (purpose of cost bond is to give security that appellant shall pay costs accrued in trial court, quoting rule 46(a)).

The supplemental transcript shows that the accrued costs and fees in the case are $13,344.68. All these fees have been paid by the parties. The appellee asks that we require the appellant to cover the part of the costs that the appellee has paid. Those costs

are largely the costs of depositions taken in the case.

According to the appellee's motion, it has paid $6,074.53 for depositions, which are considered court costs. *See Wallace v. Briggs,* 162 Tex. 485, 348 S.W.2d 523, 527 (1961, orig. proceeding) (expense of taking depositions is an item of court costs); *Shenandoah Assoc. v. J & K Properties, Inc.,* 741 S.W.2d 470, 487 (Tex.App.—Dallas 1987, writ denied) (deposition costs listed as recoverable court cost). We find that one of the depositions taken in the case was already paid for by the appellant ($862.60).

To arrive at the additional amount of security, we start with $6,074.53 (the total amount paid for depositions) from which we subtract $862.60 (the amount paid by the appellant) to get $5,211.93. To that amount we add $53.00 (the costs of the supplemental transcript) for a total of $5,264.93. Finally, we subtract the $1,000 (the cash already posted by the appellant), to arrive at $4,264.93.

Accordingly, we order the appellant to post an additional cash deposit or appeal bond in an amount of $4,264.93 no later than 20 days after this order is served. Tex.R.App.P. 49(c).

It is so ORDERED.