Ex parte Roy Edwin KIMSEY,
Jr., Relator.

No. 08–95–00070–CV.

Court of Appeals of Texas,
El Paso.

Oct. 26, 1995.

Order on Rehearing Nov. 8, 1995.

Bill G. Alexander, Law Offices of Bill Alexander, P.C., Odessa, for relator.

H. Thomas Hirsch, Hirsch, Stroder & Hobbs, L.L.P., Odessa, for respondent.

Before LARSEN, McCLURE and CHEW, JJ.

### OPINION

McCLURE, Justice.

This is an original proceeding in habeas corpus. We deny relief and remand Relator to the custody of the sheriff of Midland County.

### FACTUAL SUMMARY

Dale Kimsey filed suit for divorce on July 1, 1992. In January 1994, she requested additional temporary orders seeking interim attorney's fees and anticipated expenses for appraisals, accountants, actuaries and other experts necessary for a proper evaluation of the extent of the community estate and the presentation of valuation evidence at trial. Following a hearing on Mrs. Kimsey's requests, the trial court entered its "Third Amended Temporary Order" which provided in pertinent part as follows:

**As additional temporary spousal support,** IT IS ORDERED that ROY EDWIN KIMSEY, JR. shall pay $50,000 into the registry of the court as an attorney fee DALE B. KIMSEY, by making these following payments as directed to the District Clerk of Midland County, Texas:

(1) The sum of $5,000 with [sic] be paid into the registry of the court by 5 o'clock p.m. on Wednesday, August 3, 1994; and

(2) The sum of $5,000 will be paid into the registry of the court by 5 o'clock p.m. on Wednesday, August 17, 1994; and

(3) The sum of $5,000 with [sic] be paid into the registry of the court by 5 o'clock p.m. on Wednesday, August 31, 1994; and

(4) The sum of $5,000 will be paid into the registry of the court by .5 o'clock p.m. on Wednesday, September 14, 1994; and

(5) The sum of $5,000 will be paid into the registry of the court by 5 o'clock p.m. on Wednesday, September 28, 1994; and

(6) The sum of $5,000 with [sic] be paid into the registry of the court by 5 o'clock p.m. on Wednesday, October 12, 1994; and

(7) The sum of $5,000 will be paid into the registry of the court by 5 o'clock p.m. on Wednesday, October 26, 1994; and

(8) The sum of $5,000 will be paid into the registry of the court by 5 o'clock p.m. on Wednesday, November 9, 1994; and

(9) The sum of $5,000 will be paid into the registry of the court by 5 o'clock p.m. on Wednesday, November 23, 1994; and

(10) The sum of $5,000 will be paid into the registry of the court by 5 o'clock p.m. on Wednesday, December 7, 1994; and

immediately upon deposit of any of the aforementioned sums, any unpaid attorney or attorney with currently due fees who has performed legal services for DALE B. KIMSEY in this cause may make a written, detailed application to the court for withdrawal of an unpaid or currently due attorney fee or expense, which application, after review in open court, will be approved or disapproved by the court. If good cause is shown; [sic] the court will review portions of fee applications in camera so as to prevent inappropriate revelations of sensitive matters or strategy. [Emphasis added].

In addition, Relator was ordered to pay $100 per week in child support; $500 per week as temporary spousal support; a one-time $3,500 payment into the registry of the court for a home and/or grounds' maintenance fund; a one-time $5,000 payment into the registry of the court as a medical expense fund; and the monthly mortgage payment obligation in an unspecified sum.

Mrs. Kimsey filed a motion for contempt alleging that Relator had failed to pay the $50,000 into the registry of the court. In

response, Relator asserted that he lacked the ability to pay because he had filed for bankruptcy and that his income by virtue of the Plan of the Debtor was committed to the payment of creditors, lienholders and that he was unable to borrow additional funds. During the hearing, the evidence established that Relator had settled a legal malpractice claim unrelated to the divorce proceedings and that he had received $20,000 which was stipulated to be community property. The trial court found that Relator was guilty of separate violations in that he failed to pay each of the required $5,000 payments. The court further found that Relator had within his possession community funds in the amount of $20,000 which were available to make the required payments. He was ordered committed to the Midland County Jail until he purged himself of contempt by paying $20,-000 into the registry of the court. Relator thus brings his application for writ of habeas corpus. We granted leave to file, and released Relator on bond pending disposition. He raises not the propriety of the order nor the jurisdiction of the trial court to enter the order during the pendency of the bankruptcy proceeding, nor is the record clear as to the status of the bankruptcy. Because Relator has not sought release on that basis, we do not address the bankruptcy issue. Further, although Relator challenged the motion for contempt on the basis of his inability to pay, that affirmative defense is not urged herein and accordingly is not properly before us. Instead, Relator urges the singular theory that the contempt order is void in that he has been incarcerated for failure to pay a debt in violation of the Texas Constitution.

## STANDARD OF REVIEW

■ In a habeas corpus action, the guilt or innocence of the relator is not an issue. The only issue concerns the legality of the relator's detention. *Ex parte Friedman,* 808 S.W.2d 166, 168 (Tex.App.—El Paso 1991, orig. proceeding). For this Court to order the release of the relator, the trial court's order of commitment must be void, either because it was beyond the power of the court to enter or because it deprived the relator of his liberty without due process of law. *Ex parte Barnett,* 600 S.W.2d 252, 254 (Tex.

1980); *Ex parte Friedman,* 808 S.W.2d at 168. The relator bears the burden of showing entitlement to relief in a habeas corpus proceeding. *Ex parte Occhipenti,* 796 S.W.2d 805, 808–09 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding).

## STATUTORY AUTHORITY

■ Section 3.58 of the Texas Family Code allows the trial court to order the payment of reasonable interim attorney's fees. TEX.FAM.CODE ANN. § 3.58(c)(4) (Vernon 1993). Section 3.58(f) allows the trial court to punish by contempt the violation of any temporary order. Thus, it is clear that Relator can be punished by contempt for his violation of the trial court's temporary order requiring him to pay sums into the registry of the court for the payment of attorney's fees. The question remains, however, whether that punishment can take the form of imprisonment in light of Article I, Section 18 of the Texas Constitution.

## ORDER CONSTITUTIONALLY PERMISSIBLE

■ While the constitution clearly prohibits imprisonment for debt, the courts have consistently recognized that obligations incurred for the support of children and spouses do not constitute a debt. The Texas Supreme Court recently reiterated the distinction between familial obligations and traditional third-party debts in *Ex parte Hall,* 854 S.W.2d 656, 658 (Tex.1993):

As a general rule, a person who willfully disobeys a valid court order is guilty of contempt and subject to imprisonment for a prescribed period and until he complies with the order. *See Ex parte Gorena,* 595 S.W.2d 841 (Tex.1979); *Ex parte Carey,* 704 S.W.2d 13 (Tex.1986) (per curiam); TEX.GOV'T CODE Sec. 21.002; TEX. FAM.CODE Secs. 3.58(f) (temporary spousal support), 11.11(h) (temporary child support); 14.40 (child support orders). However, the failure to comply with an order to pay a 'debt' is not contempt punishable by imprisonment because of the prohibition of article I, section 18 of the Texas Constitution, which states: 'No person shall ever be imprisoned for debt.'

*See Gorena,* 595 S.W.2d at 845–46; *Ex parte Yates,* 387 S.W.2d 377, 380 (Tex. 1965). Such an order may be enforced by other legal processes, such as execution or attachment of property, but not by imprisonment of the adjudicated debtor. The obligation which the law imposes on spouses to support one another and on parents to support their children is not considered a 'debt' within Article I, section 18, but a legal duty arising out of the status of the parties. *See* TEX.FAM.CODE Sec. 4.02; *see also Ex parte Birkhead,* 127 Tex. 556, 95 S.W.2d 953, 954–56 (1936); *Cunningham v. Cunningham,* 120 Tex. 491, 40 S.W.2d 46, 49–50 (1931); *Ex parte Davis,* 101 Tex. 607, 111 S.W. 394, 395–96 (1908). An order requiring temporary support payments is enforceable by contempt. TEX.FAM.CODE Secs. 3.58(f) (temporary spousal support), 11.11(h) (temporary child support).

Thus, an order of contempt arising from the failure to pay those obligations may be enforced by incarceration without running afoul of the constitutional prohibition.

Relator suggests that although the order is couched in terms of temporary spousal support, in reality it merely serves the purpose of paying a debt—the attorney's fees incurred by his wife. Implicit in this argument is the concept that the trial court may not do indirectly what it may not do directly. We disagree. It matters not whether the trial court awards *alimony pendente lite* to the wife in order to provide her sufficient funds with which to pay her attorney or whether the court orders, as temporary spousal support, that the monies will be paid directly to the attorney for the wife's benefit or into the registry of the court for disbursement upon application. In each instance, the wife is recouping the benefit of the support award. We note that other courts have recognized a distinction between ordering a spouse to pay a third-party debt and ordering the payment of the debt as temporary spousal support. *See Ex parte Delcourt,* 868 S.W.2d 373 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding); *Whitt v. Whitt,* 684 S.W.2d 731 (Tex.App.—Houston [14th Dist.] 1984, no writ). Accordingly, we find that Relator has not been imprisoned for failure to pay a debt.

Relator cites as controlling precedent *Wallace v. Briggs,* 162 Tex. 485, 348 S.W.2d 523 (Tex.1961). Although there the Supreme Court concluded that interim attorney's fees awarded in a temporary order entered incident to divorce proceedings were impermissible, the basis for the opinion is not the constitutional impediment urged here, but the absence of statutory authority. *Wallace* predates the Texas Family Code and we note that Section 3.58 specifically authorizes interim attorney's fees and permits enforcement thereof by contempt. We thus conclude that *Wallace* is not controlling. Further, the majority of the remainder of the cases cited us by Relator are inapposite inasmuch as they involve *post-divorce* contempt scenarios in which imprisonment for the failure to pay attorney's fees was held void or in which the failure to pay interim fees gave rise to sanctions. In the post-divorce context, Relator would have no spousal obligation, nor would Section 3.58 even apply.[1]

---

1. To the extent that *Ex parte Hightower,* 877 S.W.2d 17 (Tex.App.—Dallas 1994, *orig. proceeding*) holds that attorney's fees may not be classified as support nor enforced by contempt, we disagree. There, an attorney ad litem had been appointed by the court to represent the child in connection with the father's motion to modify visitation. The trial court entered orders requiring both of the parents to pay fees to the ad litem and when the mother failed to pay, the trial court ordered the fees paid by her as child support. She was ultimately held in contempt and incarcerated on the theory that she had failed to pay the court-ordered child support. In considering her request for habeas corpus relief, the appellate court concluded that she had been unconstitutionally imprisoned for debt because the fees could not be properly characterized as support.

Concluding that former TEX.FAM.CODE ANN. § 14.40 [now TEX.FAM.CODE ANN. § 57.001 (Vernon Supp.1995)] does not authorize the enforcement of the ad litem's unpaid fees by contempt, the court ordered the mother discharged. We note, however, that the court did not address either former Section 11.10 [now Section 107.015], which permits the trial court to order either or both parents to pay the ad litem fees but which neither specifically authorizes nor prohibits enforcement thereof by contempt, or former Section 11.11 [now Section 105.001], which allows the trial court to enter a temporary order in a modification proceeding which provides for the support of the child, the payment of reasonable attorney's fees and the enforcement thereof by contempt. If a parent has an obligation to sup-

## CONCLUSION

We conclude that Relator did not fail to pay a debt. Rather, he violated an order concerning spousal support and it is for that violation that he was jailed. The community estate terminates only upon death or divorce, and until a final decree is entered, the spouse in control of the great majority of liquid assets or income cannot avoid payment of interim fees on the constitutional basis asserted here, provided those fees are ordered as temporary spousal support. To hold otherwise disenfranchises the non-employed spouse because it seriously hampers the ability to retain and/or maintain effective legal counsel and necessary expert witnesses.

Relator's confinement is valid pursuant to TEX.FAM.CODE ANN. § 3.58(f). Accordingly, we deny Relator's application for Writ of Habeas Corpus and remand him to the custody of the sheriff of Midland County.

### OPINION ON MOTION FOR REHEARING

 Relator Roy Edwin Kimsey, Jr. has filed a Motion to Reverse Judgment. The substance of the pleading actually requests a rehearing. This Court, therefore, will treat the Motion to Reverse Judgment as a Motion for Rehearing.

Kimsey has now filed with the Court documentation that a final decree of divorce has been entered in the underlying divorce action which contains the following language:

> IT IS A FURTHER ORDER OF THIS COURT that any responsibility owed by Roy E. Kimsey, Jr. under the Third Amended Temporary Orders dated July 24, 1994 is hereby discharged.

Inasmuch as the obligation for which Kimsey was adjudicated in contempt and incarcerated has been discharged, the validity of the contempt order is now moot. *See gener-*

*ally, Ex parte McKenzie,* 909 S.W.2d 502, 503 [1995]; *Metzger v. Sebek,* 892 S.W.2d 20, 56 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Ex parte Conoly,* 732 S.W.2d 695, 699 (Tex.App.—Dallas 1987, orig. proceeding). Accordingly, we dismiss the application for writ of habeas corpus and Relator is discharged.

---

port a child [which is considered a legal duty arising from the status of the relationship rather than a debt], and if the court possesses statutory authority to order the payment of attorney's fees for the safety and welfare of the child, we see no rationale for the conclusion that attorney's fees may not be ordered paid as child support, particularly where the welfare of the child is in issue as it is in a suit affecting the parent-child relationship. This is especially true when one of the

primary factors for consideration in the setting of child support are the needs of the child. If the child is in need of independent representation through the services of an attorney ad item, we fail to see the wisdom of construing the statutes to preclude the payment of attorney's fees as child support. Further, to the extent the Dallas Court relied on *Wallace v. Briggs* for its conclusions, we reiterate our determination that it has been legislatively overruled.