**In the Matter of Robert Westergard MOERS, Jr., Lindsey Elizabeth Moers, and Conrad Dielman Moers, Children.**

No. 01–01–00635–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 13, 2003.

Rehearing Overruled April 24, 2003.

George W. Vie, III, Mills Shirley, L.L.P., Galveston, Robin M. Ziek, Houston, for Appellant.

Lynn Kamin, Sallee S. Smyth, Short & Jenkins. L.L.P., Houston, Walter P. Mahoney Jr., Pasadena, for Appellee.

Panel consists of Justices HEDGES, JENNINGS, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Robert Westergard Moers, Sr., challenges the portion of the trial court's decree entered in a suit affecting the parent-child relationship that characterizes attorney's fees awarded as child support to Moers's former spouse, appellee Nancy Lynn Premazon. In five issues, Moers contends that the trial court abused its discretion in characterizing attorney's fees as child support. We modify the trial court's decree to delete all characterizations of attorney's fees as "child support" or "in the nature of child support."

## Background

Moers and Premazon divorced in 1998, and Moers later petitioned the trial court to modify the parent-child relationship. Premazon counter-petitioned to modify the parent-child relationship regarding their three children: Robert Westergard Moers, Jr.; Lindsey Elizabeth Moers; and Conrad Dielman Moers. Each child was represented by an attorney ad litem at the bench trial on the petitions. At the conclusion of the trial, the court entered a decree granting partial relief to both Moers and Premazon.

After the trial court entered its decree, Moers moved the trial court to reform the judgment or, alternatively, to grant a new trial. Among other things, Moers complained that the trial court erred in characterizing attorney's fees as child support. In response to Moers's motion, the trial court entered an amended decree that ordered Moers to pay $120,000 in attorney's fees incurred by Premazon; $70,000 of which was incurred "in the nature of child support." In addition, the trial court ordered Moers to pay 80 percent of the fees incurred by the attorneys ad litem. These fees exceeded $72,000 and were also taxed as child support. The trial court entered findings of fact and conclusions of law in support of its decree. Both enumerate the attorney's fees owed by Moers and describe the fees as "in the nature of child support."

## Standard of Review

Moers neither contends that attorney's fees should not have been awarded against him, nor challenges the amount in which

they were awarded. Rather, Moers contends that attorney's fees in a suit to modify the parent-child relationship cannot be characterized or taxed as child support under Texas law. Accordingly, we construe Moers's contention as challenging the trial court's legal conclusion that attorney's fees may be awarded as child support.

We review the trial court's conclusions of law *de novo*. *See In re Humphreys*, 880 S.W.2d 402, 404 (Tex.1994) ("[Q]uestions of law are always reviewable *de novo*."). As an appellate court, we must independently evaluate conclusions of law to determine their correctness and will uphold them on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Houston Bellaire, Ltd. v. TCP LB Portfolio I, L.P.*, 981 S.W.2d 916, 919 (Tex. App.-Houston [1st Dist.] 1998, no pet.).

### Attorney's Fees Incurred as Child Support

In his first issue, which disposes of the appeal, Moers contends that the trial court misapplied the Family Code by awarding attorney's fees to Premazon "in the nature of child support."

In a suit affecting the parent-child relationship, the Family Code provides that a trial court "may order reasonable attorney's fees as costs" and that such fees "may be enforced ... by any means available for the enforcement of a judgment for debt." TEX. FAM.CODE ANN. § 106.002 (Vernon 2002). Additionally, attorney ad litem fees "may be taxed as costs to be assessed against one or more of the parties." TEX. FAM.CODE ANN. § 107.015 (Vernon 2002).

■ Not all attorney's fees, however, are treated as costs enforceable as debt. If a respondent has failed to make child support payments, the trial court "shall order the respondent to pay the movant's reasonable attorney's fees" and such fees "may be enforced by any means available for the enforcement of child support, including contempt." TEX. FAM.CODE ANN. § 157.167 (Vernon 2002). Attorney's fees are thus permissibly taxed as child support when incurred during child support enforcement proceedings. *See Ex parte Wessell*, 807 S.W.2d 17, 20 (Tex.App.-Houston [14th Dist.] 1991, orig. proceeding); *Tamez v. Tamez*, 822 S.W.2d 688, 691 (Tex.App.-Corpus Christi 1991, writ denied).

■ Although attorney's fees may be taxed as child support in suits brought to *enforce* a child-support order, appellate courts distinguish fees awarded in suits brought to *modify* a child-support order because of the consequences that follow from characterizing the fees as child support. *See Ex parte Hightower*, 877 S.W.2d 17, 20 (Tex.App.-Dallas 1994, orig. proceeding, writ dism'd w.o.j.); *Roosth v. Daggett*, 869 S.W.2d 634, 637 (Tex.App.-Houston [14th Dist.] 1994, orig. proceeding). Texas law forbids imprisoning a person for debt and collecting attorney's fees by contempt proceedings. *See* TEX. CONST. art. I, § 18; *Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523, 525–26 (1961). But attorney's fees and costs awarded in proceedings to enforce child support payments are not considered debt and may be enforced through a contempt judgment. TEX. FAM.CODE ANN. § 157.167; *Ex parte Hightower*, 877 S.W.2d at 20. Furthermore, a decree that awards attorney's fees characterized as child support could result in garnishment of the obligor's wages and loss of the obligor's professional licenses in a suit brought to enforce the decree. *See* TEX. CONST. art. XVI, § 28; TEX. FAM.CODE ANN. § 232.003 (Vernon 2002). In designating attorney's fees as child support, therefore, a trial court imposes potentially serious consequences on the obligor.

■ A trial court should exercise its contempt power with caution. *Ex parte*

*Hightower,* 877 S.W.2d at 21. Because of this widely accepted principle, we have sought to limit any extension of the "duty to support" to services and costs required for enforcing child support. *Ex parte Myrick,* 474 S.W.2d 767, 772 (Tex.Civ. App.-Houston [1st Dist.] 1971, orig. proceeding). Our efforts correspond with those of the Legislature, which has permitted attorney's fees to be taxed as child support solely in section 157.167, which is limited to child support enforcement proceedings. TEX. FAM.CODE ANN. § 157.167. Subject to this single exception, section 106.002 provides that attorney's fees are to be awarded as costs that are enforceable as debt. *See* TEX. FAM.CODE ANN. § 106.002.

The case before us does not involve attorney's fees and costs incurred in a child-support enforcement proceeding. Rather, this case involves attorney's fees and costs incurred in modifying a court order affecting the parent-child relationship by creating new child-support obligations. We agree with the Fifth and Fourteenth Courts of Appeals that attorney's fees and costs may not be taxed or characterized as child support when they are incurred in a suit brought to modify the parent-child relationship that does not involve the enforcement of a child support obligation. *See Ex parte Hightower,* 877 S.W.2d at 21 (holding attorney ad litem fees incurred in suit to modify visitation rights are not child support and cannot be enforced through contempt power); *Roosth,* 869 S.W.2d at 637 (holding attorney's fees incurred in joint divorce pro-

ceeding are debt not enforceable through contempt power); *see also Goldberg v. Miller,* 371 Md. 591, 810 A.2d 947 (2002) (citing *Hightower* in concluding that attorney ad litem fees may not be characterized as child support in modification proceeding).[1] Because this case does not involve enforcement of child-support obligations, we hold that the trial court erred in characterizing attorney's fees as child support.

We sustain appellant's first issue. Because this issue disposes of this appeal, we need not address appellant's remaining issues.

### Conclusion

We modify the trial court's decree to delete all characterizations of attorney's fees as "child support" or "in the nature of child support." We affirm the decree as modified.

---

1. In *Ex parte Kimsey,* 915 S.W.2d 523 (Tex. App.-El Paso 1995, no writ), the court opined in a footnote that nonpayment of ad litem fees is enforceable by contempt. We note, however, that *Kimsey* dealt with contempt in the nonpayment of attorney's fees required by a temporary order. Because temporary orders have their own rules and regulations that are not applicable to parent-child modification orders, we find *Kimsey* distinguishable on its facts. To the extent that *Kimsey* holds that attorney's fees may be characterized as child support in a suit to modify the parent-child relationship, we respectfully disagree with our sister court.