COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-280-CV
  
  
  
IN RE                                                                                       RELATOR
  
  
  
RICHARD A. BIELEFELD
  
  
  
------------
 
FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION ON REHEARING
 
------------
        This 
is an original habeas corpus proceeding. Relator Richard A. Bielefeld challenges 
a trial court order committing him to jail for contempt of court in failing to 
pay interim attorney’s fees of $50,000 to his wife’s divorce lawyer. We 
withdraw our prior opinion of September 29, 2003 denying relator’s petition 
for writ of habeas corpus and substitute the following in it’s place, grant 
his motion for rehearing, deny his motion for rehearing en banc, and order 
relator discharged from confinement.
FACTUAL BACKGROUND
        Rita 
F. Bielefeld filed suit for divorce from relator. The parties entered into an 
order pending the divorce whereby relator would make the house payment, pay 
utilities and reasonable maintenance for the house, Rita’s car payment, and 
auto and health insurance, and pay $200 weekly in temporary spousal support. 
Relator retained custody of the minor child of the marriage, and the parties 
agreed no temporary child support would be ordered. Relator agreed to pay $3,000 
in interim attorney’s fees to Rita’s attorney.
        Subsequently, 
Rita’s attorney filed a request for additional interim attorney’s fees and 
expenses, claiming that she needed the fees and expenses for an expert to 
evaluate and determine the character of a business formed and operated by 
relator and his brother, which relator contended was his separate property, and 
to prepare for trial. On August 19, 2002, following a hearing at which evidence 
and testimony were presented establishing that relator might be able to borrow 
the sums requested from the business or from his parents, the trial court 
apparently made an oral order for additional interim attorney’s fees and 
expenses of $50,000. Following an additional hearing on relator’s motion for 
reconsideration, the trial court entered its written “Order for Payment of 
Interim Attorney’s Fee” stating, in pertinent part, as follows:
 
The 
Court has now heard further testimony and arguments of counsel regarding the 
payment of interim attorney’s fees to Petitioner’s counsel, BeAnn Sisemore.  
Based on the needs of the applicant as weighed against the ability of the 
Respondent to pay such fees, the Court finds as follows:

        . 
. . .
 
IT IS 
THEREFORE ORDERED that Petitioner’s request for interim attorney’s fees is 
granted. Respondent, RICHARD ALAN BIELEFELD, is ORDERED to pay Petitioner’s 
attorney, BEANN H. SISEMORE, at her address of 111 North Houston Street, Suite 
205, Fort Worth, Texas 76102, interim attorney’s fees of FIFTY THOUSAND 
DOLLARS ($50,000) on or before 5:00 p.m. on the 1st day of Oct., 2002.

        On 
May 2, 2003, Rita’s attorney filed a motion for enforcement of the 
order.  Following a hearing on that motion, the trial court entered an 
order holding relator in both criminal and civil contempt for failure to pay the 
interim attorney’s fees ordered and for the first time characterized the 
interim attorney’s fees as “additional spousal support.” The commitment 
order states:
 
The 
Court finds that an order was entered on August 19, 2002, wherein Respondent, 
RICHARD ALAN BEILEFELD, was ordered to pay interim attorney’s fees of $50,000 
to BEANN H. SISEMORE at 111 North Houston Street, Suite 205, Fort Worth, Texas 
76102, on or before 5:00 p.m. on the 1st day of October, 2002, as 
additional spousal support for benefit of Petitioner, RITA F. BIELEFELD . 
. . [Emphasis ours.]  
  
        Further 
finding that relator was financially able to pay the attorney’s fees ordered 
and that he was guilty of contempt of court for failure to pay those fees, the 
trial court assessed relator’s punishment at thirty days’ confinement in the 
Tarrant County jail, with confinement continuing thereafter until he paid 
$50,000 as interim attorney’s fees “into the registry of this Court.”
        Relator 
filed his petition for writ of habeas corpus in this court, raising three 
issues: whether he was incarcerated for non-payment of a “debt” in violation 
of article I, section 18 of the Texas Constitution; whether the trial court 
abused its discretion by incarcerating relator for non-payment of an 
unreasonable amount that was beyond relator’s ability to pay; and whether the 
contempt and commitment orders were sufficiently specific to be enforced.
        A 
divided panel denied the petition. Relator filed a motion for rehearing en banc, 
which we have construed as both a motion for rehearing and a motion for 
rehearing en banc. We provided for relator’s release from confinement on bond 
pending our determination of the merits of this proceeding and requested a 
response to relator’s petition for writ of habeas corpus. No response has been 
filed.
STANDARD OF REVIEW
        An 
original habeas corpus proceeding is a collateral attack on the contempt 
judgment.[1]  The purpose of a habeas corpus 
proceeding in civil matters is to command the release of a person imprisoned 
“by virtue of an order . . . issued by a court or judge because of the 
violation of an order, judgment, or decree previously made, rendered, or entered 
by the court or judge in a civil case.”[2]  We 
review a petition for writ of habeas corpus to determine if the order of 
commitment is void, either because it was beyond the power of the court to enter 
or because the contemnor was not afforded due process.[3]  
Guilt or innocence of the relator is not an issue; the only issue concerns the 
lawfulness of the relator’s imprisonment.[4]
DISCUSSION
        Relator 
complains that the commitment order is void because of the deeply rooted 
constitutional prohibition in Texas against imprisonment for a debt. As a 
general rule, a person who willfully disobeys a valid court order is guilty of 
contempt and subject to imprisonment for a prescribed period until he or she 
complies with the order.[5]  However, the failure 
to comply with an order to pay a debt is not contempt punishable by imprisonment 
because of the Texas Constitution’s prohibition, which states, “No person 
shall ever be imprisoned for debt.”[6]  An 
order of imprisonment for failure to pay a debt is void as violating article I, 
section 18 and may be attacked by petition for writ of habeas corpus.[7]
        Section 
6.502 of the Texas Family Code allows the trial court to enter temporary orders, 
including orders for payment of support for either spouse and reasonable interim 
attorney’s fees, and section 6.505 allows the trial court to punish by 
contempt the violation of any such temporary order.[8]  
It is also generally held, however, that Texas law forbids collection of 
attorney’s fees by contempt proceedings.[9]
        Wallace, 
the principal case cited by courts for the proposition that attorney’s fees 
may not be enforced by contempt, involved an order similar to that sought to be 
enforced here.[10]  In that case, the trial 
court entered a temporary order commanding the husband pay to the wife $10,500 
for past attorney’s fees and $1,300 in future expenses that might be incurred 
by her in a pending divorce proceeding. While recognizing the trial court’s 
power on final disposition to award attorney’s fees to the wife, the 
reasonableness of which was to be determined by the trier of fact, the supreme 
court held that the trial court had no authority to summarily order them paid or 
to enforce that order by contempt.[11]
        On 
the other hand, it has long been established that the obligation that the law 
imposes on spouses to support one another, as well as on parents to support 
their children, is not considered a “debt” within the constitutional 
prohibition but, rather, a legal duty arising out of the legal status of the 
parties, and failure to comply with a court order for spousal or child support 
is thus enforceable by contempt.[12]  The 
exception for child and spousal support obligations from the constitutional 
prohibition against imprisonment for “debt” has been extended to assessments 
of attorney’s fees incurred to enforce orders for temporary spousal or child 
support.[13]  The rationale for authorizing 
contempt for failure to pay attorney’s fees in a suit to enforce temporary 
support obligations is that the attorney’s fees and costs are “incidental 
to” and a part of the underlying obligation.[14]  
Texas courts, however, have not extended the use of contempt for recovery of 
attorney’s fees beyond those incurred in enforcing the legal duties of spousal 
or child support, emphasizing that the power of contempt of court must be 
exercised with “caution.”[15]
        Several 
courts have held that interim orders to a spouse to pay third-party debts such 
as mortgage and car payments directly to creditors in pending divorce 
proceedings are orders for payment of “debt” in violation of the Texas 
Constitution and are thus unenforceable by contempt, although those courts 
stated they might have held differently had the fees been characterized as 
temporary spousal support.[16]
        In 
Ex Parte Kimsey, the El Paso Court of Appeals held that an order for 
interim attorney’s fees of $50,000 payable for the wife’s past legal fees 
and future expenses in a divorce suit was not an order for a “debt” within 
the constitutional prohibition and was therefore enforceable by contempt.[17]  The El Paso court chose not to follow those courts 
that had held interim orders for payment of third-party debts directly to 
creditors unenforceable by contempt, stating that “[i]t matters not whether 
the trial court awards alimony pendente lite to the wife in order to 
provide her sufficient funds with which to pay her attorney or whether the court 
orders, as temporary spousal support, that the monies will be paid directly to 
the attorney.”[18]  The court in Kimsey 
also distinguished Wallace on the basis that the supreme court had there 
concluded that interim attorney’s fees to the wife were impermissible, not 
based on the constitutional prohibition against imprisonment for “debt” but 
on the absence of statutory authority. The court pointed out that Wallace 
predated the family code which, by the time of Kimsey, provided specific 
provision for an order for interim attorney’s fees under former section 3.58.[19]
        We 
respectfully interpret the holding in Wallace differently.  The 
supreme court in that case expressly noted the trial court did base its 
authority on a statute which even then broadly provided that, in a pending suit 
for a divorce, “the court, or the judge thereof, may make such temporary 
orders respecting the property and parties as shall be deemed necessary and 
equitable.”[20]  Rather than holding that 
there was no statutory basis, the supreme court held that the order for 
attorney’s fees entered in advance of trial was not authorized and was void 
because it was fixed and final and in no sense “temporary” in its nature.[21]  The court in Kimsey also did not discuss or 
distinguish the plethora of recent cases, decided since adoption of the family 
code, that have held that interim attorney’s fees may be enforced by contempt 
only when they are incurred in connection with enforcement of orders for spousal 
or child support.
        Kimsey 
is distinguishable from this case for two reasons. First, unlike this case, the 
commitment order challenged in Kimsey provided that the relator might 
purge himself by paying $20,000, a sum that the trial court found was in the 
relator’s possession and was community property.[22]  
In contrast, the principal dispute between the parties that remains unresolved 
in this case is whether the business from which relator may obtain the funds to 
pay the attorney’s fees is properly characterized as separate or community 
property. Secondly, the underlying order in Kimsey expressly 
characterized the attorney’s fees as “additional temporary spousal 
support.”[23]  Indeed, the El Paso court there 
held:
  
“We 
conclude that Relator did not fail to pay a debt.  Rather, he violated an 
order concerning spousal support and it is for that violation that he was 
jailed.  The community estate terminates only upon death or divorce, and 
until a final decree is entered, the spouse in control of the great majority of 
liquid assets or income cannot avoid payment of interim fees on the 
constitutional basis asserted here, provided those fees are ordered as 
temporary spousal support.”[24]
 
 
        Unlike 
the order sought to be enforced in Kimsey, the order for payment of 
attorney’s fees and expenses to the wife’s attorney in the instant case does 
not characterize the fees ordered to be paid as “temporary” or for 
“spousal support.” We recognize that the reporter’s record of the contempt 
hearing in this case reflects the trial court’s reliance on Kimsey and 
the statement of his intent “[t]hat these fees were in the nature of spousal 
support even though the order does not use those words. That was my intent and I 
believe that the record in this case will show that that was the evidence that I 
looked at.” However, regardless of how clear the trial court’s intent might 
be from the reporter’s record, the written order for interim attorney’s fees 
did not specify that the attorney’s fees to be paid were to be 
“temporary,” to be taken into consideration upon final division of the 
property, or to be for temporary spousal support.
        At 
best, the commitment order here is for conduct violating an implied or inferred 
order never reduced to writing. Constructive contempt cannot be found unless 
there is a written order setting forth “clear, specific and unambiguous 
terms.”[25]  Courts have consistently held 
that a contemnor cannot be held in constructive contempt that occurs before the 
order violated is reduced to writing.[26]  It is 
the written order, signed by the court, that evidences a party’s rights and 
duties.[27]  Nor would the omission be subject 
to a nunc pro tunc order because such an order would not support contempt 
for violations that occurred before its issuance date.[28]
        We 
hold that the trial court did not have authority to enforce its written order 
for payment of advance interim attorney’s fees and future expenses of $50,000 
to Rita’s divorce lawyer by contempt because it did not characterize those 
fees and expenses as spousal support, thus making them attorney’s fees which 
may not be enforced by contempt. Therefore, the contempt order is void.[29], [30]  We grant the 
relief requested in Relator’s petition for writ of habeas corpus and order 
Relator discharged.[31]
   
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
  
 
PANEL A: CAYCE, C.J.; GARDNER, J.; and SAM J. 
DAY, J. (Retired, Sitting by Assignment)
 
DELIVERED: August 27, 2004


NOTES
1.  See 
Ex parte Hightower, 877 S.W.2d 17, 20 (Tex. App.—Dallas 1994, orig. 
proceeding).
2.  Tex. Gov’t Code Ann. § 22.221(d) 
(Vernon 2004).
3.  Ex 
parte Barnett, 600 S.W.2d 252, 254 (Tex. 1980).
4.  In 
re Surgent, 133 S.W.3d 744, 748 (Tex. App.—Corpus Christi 2003, orig. 
proceeding); Ex parte Kimsey, 915 S.W.2d 523, 525 (Tex. App.—El Paso 
1995, orig. proceeding).
5.  Ex 
parte Hall, 854 S.W.2d 656, 658 (Tex. 1993).
6.  Tex. Const. art. I, § 18.
7.  Hall, 
854 S.W.2d at 658.
8.  Tex. Fam. Code Ann. §§ 6.502, 6.506 
(Vernon 1998 & Supp. 2004-05).
9.  See, 
e.g., In re Moers, 104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 
2003, orig. proceeding) (citing Wallace v. Briggs, 162 Tex. 485, 348 
S.W.2d 523, 525-26 (1961)); Ex Parte Hightower, 877 S.W.2d at 20 (same).
10.  
348 S.W.2d at 525-26.
11.  
Wallace, 348 S.W.2d at 524-25. Relator in this case also cites us to Ex 
Parte Castillo, No. A14-94-00547-CV, 1994 WL 362252, at *1 (Tex. 
App.—Houston [14th Dist.] July 14, 1994, orig. proceeding) (not designated for 
publication) (also holding order to husband to pay $1,500 in interim 
attorney’s fees and court costs to wife’s attorney not enforceable by 
contempt where not entered to enforce child support obligation).
12.  
See Tex. Fam. Code Ann. 
§§ 2.501(a), 151.001(a)(3) (Vernon 1998 & Supp. 2004-05); see e.g., 
Hall, 854 S.W.2d at 658 (citing Ex parte Birkhead, 127 Tex. 556, 95 
S.W.2d 953, 954 (1936) (holding child support obligation not “debt”)); Ex 
parte Davis, 101 Tex. 607, 111 S.W. 394, 395 (1908) (holding temporary 
alimony not “debt”); Kimsey, 915 S.W.2d at 526; Ex parte Wagner, 
905 S.W.2d 799, 802-03 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding) 
(characterizing support obligation of spouses and parents as legal duty imposed 
by public policy); Ex parte Rogers, 633 S.W.2d 666, 670 (Tex. 
App.—Amarillo 1982, orig. proceeding) (same).
13.  
Ex parte Helms, 259 S.W.2d 184, 188 (Tex. 1953) (citing Davis, 111 
S.W. at 395-96); Wagner, 905 S.W.2d at 803; cf. In re Moers, 104 
S.W.3d at 612 (acknowledging case law but holding attorney’s fees not 
recoverable in suit to modify as distinguished from enforcement of child 
support).
14.  
Helms, 259 S.W.2d at 188; see also Wagner, 905 S.W.2d at 803; Rogers, 
633 S.W.2d at 670-71.
15.  
In re Moers, 104 S.W.3d at 612 (holding attorney’s fees incurred in modifying 
child support obligation not enforceable by contempt); Ex parte Rogers, 
633 S.W.2d at 671 (citing Herring v. Houston Nat’l Exch. Bank, 113 Tex. 
337, 255 S.W. 1097, 1104 (1923)) (holding attorney’s fees incurred for 
enforcing child custody order not enforceable by contempt); see also 
Ex parte Dolenz, 893 S.W.2d 677, 681 (Tex. App.—Dallas 1995, orig. 
proceeding) (holding recovery of discovery costs not permitted as “debt”); Ex 
parte Rosser, 899 S.W.2d 382, 386 (Tex. App.—Houston [14th 
Dist.] 1995, orig. proceeding) (holding order for attorney’s fees and costs 
incurred in enforcing visitation not enforceable by contempt); Ex 
parte Hightower, 877 S.W.2d at 20-21 (holding attorney ad litem fees 
incurred to modify visitation not enforceable by contempt); Roosth v. 
Daggett, 869 S.W.2d 634, 637 (Tex. App.—Houston [14th Dist.] 1994, no 
writ) (holding attorney’s fees awarded in divorce judgment creating, 
rather than enforcing, child support obligation a “debt” unenforceable by 
contempt); Ex parte Payne, 598 S.W.2d 312, 314 (Tex. Civ. 
App.—Texarkana 1980, orig. proceeding) (holding contempt order void where it 
was unclear whether judgment was for attorney’s fees attributable to 
enforcement of child support or visitation); Ex parte Myrick, 474 S.W.2d 
767, 772 (Tex. Civ. App.—Houston [1st Dist.] 1971, orig. proceeding) (holding 
contempt order void that was entered to force relator to create trust for 
children and to pay attorney’s fees in connection with enforcing that order).
16.  
See Ex Parte Delcourt, 868 S.W.2d 373, 375 (Tex. App.—Houston [1st 
Dist.] 1993, orig. proceeding); Whitt v. Whitt, 684 S.W.2d 731, 734 (Tex. 
App.—Houston [14th Dist.] 1984, no writ).
17.  
915 S.W.2d at 527.
18.  
Id. at 526.
19.  
Id.; see Act of May 31, 1969, 61st Leg., R.S., ch. 888, 
§ 1, 1969 Tex. Gen. Laws 2707, 2724 (former Tex. Fam. Code Ann. § 3.58(c)(4)), repealed 
by Act of April 3, 1997, 75th Leg., R.S., ch. 7, § 1, 1997 
Tex. Gen. Laws 8, 30, recodified by current version at Tex. Fam. Code Ann. § 6.502(a)(4) 
(Vernon Supp. 2004); Act of May 31, 1969, 61st Leg., R.S., ch. 888, 
§ 1, 1969 Tex. Gen. Laws 2702, 2724 (former Tex. Fam. Code Ann. § 3.58(f)), repealed 
by Act of Apr. 3, 1997, 75th Leg., R.S., ch. 7, § 1, 1997 Tex. 
Gen. Laws 8, 31, recodified by current version at Tex. Fam. Code Ann. § 6.506 (Vernon 
1998).
20.  
Tex. R. Civ. Stat. art 4636 
(Vernon 1951), repealed by Act of Apr. 3, 1997, 75 Leg., R.S., ch. 7, § 
1, 1997 Tex. Gen. Laws 8, 29-31, recodified by current version at Tex. Fam. Code Ann. §§ 6.501-.502 
(Vernon Supp. 2004-05), Tex. Fam. Code 
Ann. §§ 6.503-.507 (Vernon 1998).
21.  
Kimsey, 915 S.W.2d at 525.
22.  
Id.  We note that the order for payment of the interim fees in Kimsey 
had specified that the funds be paid into the registry of the court and that 
attorneys with currently owing fees might then make application to be approved 
upon a finding of reasonableness by the court.  This procedure provides a 
measure of extra protection to assure that the funds are used for the purpose 
intended.
23.  
Id. at 524.
24.  
Id. at 527 (emphases added).
25.  
Dunn v. Street, 938 S.W.2d 33, 35 n.3 (Tex. 1997) (quoting Ex Parte 
Chambers, 898 S.W.2d 257, 259-60 (Tex. 1995).
26.  
See Ex parte Guetersloh, 935 S.W.2d 110, 111 (Tex. 1996) (oral 
injunction); Ex parte Price, 741 S.W.2d 366, 367-68 (Tex. 1987) (oral 
inunction); In re Sellers, 982 S.W.2d 85, 87 (Tex. App.—Houston [1st 
Dist.] 1998, orig. proceeding) (oral child support order); see also In re 
Price, No. 09-02-00206-CV, 2002 WL 1339895, at *3 (Tex. App.—Beaumont 
2002, orig. proceeding) (not designated for publication) (incomplete temporary 
spousal and child support order).
27.  
In re Sellers, 982 S.W.2d at 87 (citing Ex Parte Chambers, 898 
S.W.2d at 262).
28.  
See In re Price, 2002 WL 1339895, at *3.
29.  
Tex. Const. art. I, § 18; Wallace, 
348 S.W.2d at 492; Delcourt, 868 S.W.2d at 375; Whitt, 684 S.W.2d 
at 735.
30.  
Because of our holding, we need not address relator’s argument that the trial 
court abused its discretion by incarcerating relator for nonpayment of an 
unreasonable amount that was beyond relator’s ability to pay.
31.  
We have been informed that Relator was released from confinement by the trial 
court pursuant to an agreed order for release. Accordingly, because Relator has 
not been released as a result of a writ of habeas corpus bond, we do not need to 
discharge the liability of any sureties.