Motion for En Banc Reconsideration Denied as Moot; Memorandum Opinion of
September 9, 2008, Withdrawn








 

Motion
for En Banc Reconsideration Denied as Moot; Memorandum Opinion of September 9,
2008, Withdrawn.  Affirmed as
Modified and Substitute Memorandum Opinion filed April 2, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00470-CV

____________

 

CHRISTOPHER JOSEPH MCCLOSKEY, Appellant

 

V.

 

ANNE MIRIAM MCCLOSKEY, Appellee

 



 

On Appeal from the 387th
District Court

Fort Bend County, Texas

Trial Court Cause No. 98-CV-106,445

 



 

S U B S T I T U T E   M E M O R A N D U M   O P I N I O N








Appellant=s motion for en banc reconsideration is
denied as moot.  The opinion issued September 9, 2008 is withdrawn and the
following opinion is substituted therefor.  Appellant, Christopher Joseph
McCloskey, appeals from an order issued following  remand.  In four issues,
appellant challenges (1) the sufficiency of the evidence to support the trial
court=s order, (2) the
trial court=s jurisdiction and impartiality, and (3) the trial
court=s division of the
marital estate.  We modify the judgment of the trial court and, as modified,
affirm.

In 1998,
Anne McCloskey began divorce proceedings against Chris McCloskey and Chris
counter-petitioned for divorce.  A jury heard the issues relating to conservatorship
and primary residence of the McCloskey=s two children.  The remaining issues
relating to the children and the division of property were tried to the trial
court.  The trial court signed a divorce decree on September 21, 2000, from
which appellant appealed.  This court issued an opinion in appellant=s appeal on June 12, 2003.  McCloskey
v. McCloskey, No. 14-00-01300-CV; 14-00-01307-CV 2003 WL 21354709 (Tex.
App.CHouston [14th Dist.] 2003, no pet.)
(memo. op.).  In that opinion, the court remanded the issue of attorney=s fees as follows:

In issue ten, Chris raises two complaints regarding the manner in which
the trial court assessed and awarded trial and appellate attorney fees against
him.  First, Chris complains that the trial court classified its award of
$50,398.00 in attorney=s fees as Achild support and property
division,@ and argues that the trial court=s failure to segregate the portion
of the award representing attorney=s fees incurred in the property division and the portion
representing fees incurred in connection with child support provides Anne the
benefit of the enhanced remedies for enforcement of child support judgments for
the entire award.  We agree.  Because Anne is willing to rectify the matter by
classifying the fees as part of the division of property, we sustain this part
of Chris=s issue and remand to the trial
court to correct the judgment on this issue.

 

Three years later, on March 13, 2006, the trial court held
a hearing on remand.  After the hearing, the court modified the original decree
with regard to attorney=s fees as follows:

The Court finds that as of January 12, 2001, Michael A. Craig,
Petitioner=s attorney, incurred $50,398.00 as
attorney=s fees and costs of court, which
were necessary for solely the determination of conservatorship of and child
support for the children, [D.C.M.] and [L.G.M.].  The Court further finds that
the attorney=s fees were reasonable, necessary
and customary charges in Fort Bend County, Texas, for an attorney of Michael A.
Craig=s experience and capabilities.

 








The Court finds that as of January 12, 2001, Michael A. Craig,
Petitioner=s attorney, incurred an additional
$32,500.00 as attorney=s fees and costs of court, which
were necessary solely for the preservation of the parties= community estate.  The Court further
finds that the attorney=s fees were reasonable, necessary
and customary charges in Fort Bend County, Texas, for an attorney of Michael A.
Craig=s experience and capabilities.

 

40.3 It is ORDERED, as additional child support, that Michael A. Craig,
for the benefit of Anne Miriam McCloskey, is awarded a judgment of $50,398.00
against Christopher Joseph McCloskey for attorney=s fees and expenses, with interest at 10% per year,
compounded annually, from September 1, 2000 until paid, for which let execution
issue.

 

Appellant has now filed an appeal of the trial court=s modified order. 
In his first issue, he contends that the trial court erred in awarding attorney=s fees as child
support in the original divorce action because the Family Code permits attorney=s fees to be
assessed as child support only in an action filed to enforce child support, not
in a divorce proceeding in which child support is determined.  See Tex. Fam. Code Ann. ' 157.167 (Vernon
2005).

In a suit affecting the parent‑child relationship,
the Family Code provides that a trial court Amay order
reasonable attorney=s fees as costs@ and that such
fees Amay be enforced
... by any means available for the enforcement of a judgment for debt.@ Tex. Fam. Code Ann. ' 106.002 (Vernon
2005).  Although attorney=s fees may be taxed as child support in
suits brought to enforce a child‑support order, appellate courts
distinguish between fees awarded in the original divorce action and in suits
brought to modify a child‑support order because of the consequences that
follow from characterizing the fees as child support.  See Roosth v.
Daggett, 869 S.W.2d 634, 637 (Tex. App.CHouston [14th
Dist.] 1994, orig. proceeding).  Texas law prohibits imprisoning a person for
debt and collecting attorney=s fees by contempt proceedings.  See
Tex. Const. art. I, ' 18; Wallace v.
Briggs, 162 Tex. 485, 348 S.W.2d 523, 525B26 (1961). 








The trial court=s order in this
case characterized $50,398.00 in attorney=s fees Aas additional
child support.@  Because this is not a case of child support
enforcement, the trial court erred in characterizing the attorney=s fees as child
support.  See In re Moers, 104 S.W.3d 609, 612 (Tex. App.CHouston [1st
Dist.] 2003, no pet.).  Appellant=s first issue is
sustained and the judgment is modified to delete the characterization of
attorney=s fees as child
support.

Appellant brings three other issues not related to this
court=s remand.  Because
this court=s remand was limited to the characterization of
attorney=s fees, appellant=s issues regarding
characterization of property, bias of the trial judge, and amount of attorney=s fees cannot be
considered in this appeal.  See Hudson v. Wakefield, 711 S.W.2d 628, 630
(Tex. 1986) (when the appellate court limits remand to a particular issue, the
trial court is restricted to determination of that issue).  The order from
which appellant appeals addressed only the attorney=s fees.  The trial
court did not consider the other issues raised by appellant.  Accordingly,
appellant=s remaining issues are overruled.

The judgment of the trial court is modified to delete any
reference to the characterization of attorney=s fees as Aadditional child
support.@  In all other
respects, the judgment of the trial court is affirmed.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

Panel consists of
Chief Justice Hedges and Justices Boyce and Price.*









*  Senior Justice Frank C. Price sitting by assignment.